(136 App. Div. 849.)

SCHULMAN v. KUTLER et al.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

MONEY RECEIVED (§ 18*)—ACTIONS—SUFFICIENCY OF EVIDENCE—INJURY.

> In an action for money had and received, on the ground that plaintiff paid defendant a certain sum for property more than she would have otherwise done because of a false affidavit by defendant that the property was free from taxes, evidence *held* not to show that plaintiff had paid any taxes, so as to have suffered loss from defendant's false statement.

> [Ed. Note.—For other cases, see Money Received, Cent. Dig. § 72; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Esther Schulman against Samuel Kutler and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Abraham I. Danish, for appellants.

J. J. Kramer, for respondent.

PER CURIAM.   On May 1, 1909, defendants executed and delivered a deed purporting to convey to the plaintiff the premises known as "No. 124 Cherry Street," in the borough of Manhattan.   The deed expressly recited that the property was conveyed "subject to all incumbrances now on the premises."   At that time the taxes for the year 1908, amounting to $468.08, were unpaid.   Simultaneously with the delivery of the deed, defendants signed and delivered a paper, which was in form an affidavit, which contained, among other things, a statement that the premises were free and clear of all taxes.   Plaintiff now brings this action for money had and received by the defendants, claiming that because of that statement she paid to them $468.08 more than she otherwise would have done.

Plaintiff fails to establish that she paid to the defendants that or any other sum of money.   The only witness called for the plaintiff was one of the brokers who negotiated the transfer for her, who proved the execution of the paper called an affidavit, and testified that the defendants said that the taxes were paid.   Plaintiff was called as a witness for the defendants.   The deed which was offered in evidence recited a money consideration of $100.   Plaintiff testified that she did not know what she paid for the property.   She testified that at the date of the trial she was still the owner of the property and in possession of it. Subsequently, when a deed executed by her and dated on the 7th of May was put in evidence, which conveyed the property, she admitted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that she did not.know anything about the transaction, and testified that she was not present when the property was conveyed to her. From her evidence it is quite apparent that she was only a dummy for some one else, and not the real party in interest. The deed by her expressly conveys the property subject to the taxes. There is not a particle of evidence that she has suffered any loss.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event.