THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT KING, Appellant.

Fourth Department, March 17, 1926.

Crimes — felony — carrying concealed weapons — defendant charged with possession of two revolvers — evidence does not show possession of one revolver and casts doubt on possession of other — general verdict against defendant erroneous.

On a prosecution of the defendant for a felony in carrying concealed weapons, in which he was charged with possessing two revolvers, the evidence does not show that the defendant was in possession of one of the revolvers and his possession of the other revolver is in doubt, since it appears that at the time the defendant was arrested he was a guest in an automobile, that one of the revolvers was found in the automobile, that shortly thereafter another revolver was found about fifteen feet from where the automobile was stopped, and that just before the automobile was stopped the defendant was seen to open the door and make a motion with his hand away from his body, but there was no evidence that he threw anything out of the automobile at that time.

Evidence that the defendant told the driver of the automobile to shoot the officer who arrested him is not relevant to the charge.

The general verdict against the defendant cannot stand, for the defendant is charged with two separate crimes, and two separate issues were presented to the jury, and the defendant had the right to have his guilt determined on both charges separately, and, furthermore, it is impossible to determine that

the jury did not find the defendant guilty as to the possession of the revolver found in the automobile in reference to which there is no evidence that the defendant had it in his possession.

HUBBS, P. J., dissents.

APPEAL by the defendant, Vincent King, from a judgment of the County Court of Onondaga county, rendered against him on the 7th day of December, 1925, convicting him of the crime of violating subdivision 4 of section 1897 of the Penal Law (felony), and also from an order made on the same day, denying defendant's motion for a new trial made upon the minutes.

*Costello, Cooney & Fearon [George R. Fearon of counsel], for the appellant.*

*Frank P. Malpass, District Attorney [William M. Peckham of counsel], for the respondent.*

TAYLOR, J. "Any person over the age of sixteen years, who shall have in his possession  *  *  *  any  *  *  *  firearm of a size which may be concealed upon the person, without a written license therefor,  *  *  *  if he has been previously convicted of any crime  *  *  *  shall be guilty of a felony." (Penal Law, § 1897, subd. 4, as amd. by Laws of 1921, chap. 297.) Defendant has been convicted under this section after a previous conviction of robbery in the first degree. The proof of the former conviction was made entirely for the purpose of obtaining a conviction of a felony instead of a misdemeanor, under said statute. The sentence imposed (seven years in Auburn State Prison) was lawful. (Penal Law, § 1935.)

The indictment charged defendant with violating the statute quoted in that on June 7, 1925, he had in his possession a firearm of a size which might be concealed upon the person, without having a written license permitting such possession. Under the charge of the learned court, the jurors were told that the testimony authorized them to convict the defendant if they found that he unlawfully possessed either an "American bulldog" revolver or a " Colt " revolver on the occasion in question.

The record shows that the American bulldog revolver was found after defendant's arrest between the front seats of a Hudson coach in which defendant and one Lamphere were riding when apprehended. There is no testimony that defendant was the owner or the driver or the person in charge of the Hudson automobile, or that he was anything other than a passenger with Lamphere, the driver. The testimony connecting defendant with the Colt revolver is (a) that at least thirty minutes after the defendant was placed

16

under arrest at the police station the Colt revolver was found in the grass some fifteen feet to the rear of where the Hudson coach had been stopped by Police Officer Case, and some five or six feet from the street curb; and (b) that just before the Hudson car had stopped, the front door at defendant's immediate right was opened and defendant made a motion with his hand away from his body. There is no other evidence to indicate that defendant threw anything from the automobile at the time mentioned, or that he owned or ever had in his possession either revolver, actually or constructively.

Officer Case, who arrested defendant, testified that when he (Case) reached his hand into the Hudson coach after commanding its occupants to stop, defendant in vile language requested Lamphere to shoot the officer. This remark is not evidentiary of unlawful possession of either revolver by the defendant. It rather indicates possession of one or both weapons by Lamphere.

Unlawful possession by defendant of the American bulldog revolver has not been proved. As to the Colt revolver, even if the inculpating testimony were adequate to sustain the verdict, which is not free from doubt, this judgment could not stand. For whether or not the jury based its verdict entirely upon the insufficient testimony as to the American bulldog revolver is a matter of conjecture. This uncertainty requires us to set aside the verdict.

This case does not fall within the principle stated in *Phelps* v. *People* (72 N. Y. 365) and *People* v. *Willett* (102 id. 251), to wit, that where a crime is alleged in several counts in an indictment and the proof is sufficient under any one count, a general verdict is logical and appropriate. For in the instant case an attempt to prove two separate crimes was made, two separate issues were presented to the jury; and the learned court allowed the jury to find the defendant guilty generally upon testimony which might satisfy it as to guilt under either issue. This was error. For we are unable to determine that the jury did not find against the defendant as to possession of the American bulldog revolver and in his favor as to possession of the Colt; and such a conviction would be clearly contrary to the law and to the weight of the evidence. (*Buchanan* v. *Belsey*, 65 App. Div. 58; *Tyson* v. *Bauland Co.*, 68 id. 310; *Thompson* v. *Peterson*, 152 id. 667.)

The judgment of conviction should be reversed and a new trial granted.

CLARK, SEARS and CROUCH, JJ., concur; HUBBS, P. J., dissents and votes for affirmance.

Judgment of conviction and order reversed on the law and facts and a new trial granted.