THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROY H. SLOANE, Appellant, *v.* LEWIS E. LAWES, as Warden of Sing Sing Prison, Respondent.

In the Matter of the Application of ROY H. SLOANE, Appellant; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

In the Matter of ROY H. SLOANE, Appellant, against FREDERICK P. CLOSE, as County Judge of Westchester County, Respondent.

(Argued November 25, 1930; decided December 4, 1930.)

*Samuel L. Miller* and *H. Thornton Banks* for appellant. Penal statutes are not to be so strictly construed as to deny and defeat justice; but should receive that construction necessary to promote justice and to preserve the fundamental law and the legislative intent. (Penal Law, § 21; *People* v. *Abeel*, 45 Misc. Rep. 86; 100 App. Div. 516; 182 N. Y. 415; *People ex rel. Murray* v. *Becker*, 78 Misc. Rep. 666; *Cotheal* v. *Brouwer*, 5 N. Y. 561.) Reversal and annulment of a conviction remove all consequences thereof, and in every respect restore the defendant to his original status as though no conviction had ever been had. (Code Crim. Proc. § 464; *People* v. *Palmer*, 109 N. Y. 413.) A felony conviction obtained under section 1897 of the Penal Law is contingent to and dependent upon the validity of the prior conviction on which it was essentially based; and a conviction so obtained is, therefore, nullified by acquittal of such prior conviction. (*People* v. *Fabian*, 192 N. Y. 443; *People* v. *Schaller*, 224 App. Div. 3; *People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249.) The County Court had power to resentence appellant, and invaded his constitutional rights by refusing to do so. (*People ex rel. Forsyth* v. *Sessions*, 141 N. Y. 288; *Furman* v. *Furman*, 153 N. Y. 309; *McGuigan* v. *D., L. & W. R. Co.*, 129 N. Y. 52; *Bohlen* v. *Mt. St. R. Co.*, 121 N. Y. 546; *Davidson* v. *Ream*, 178 App. Div. 362; *Lowler* v. *Mayor*, 26 Barb. 262; *Moynahan* v. *City of New York*, 205 N. Y. 181; *O'Donoghue* v. *Boise*, 159 N. Y. 87; *Matter of Bonner*, 151 U. S. 242; *Granger* v. *Craig*, 85 N. Y. 619; *People* v.

*Gutterson,* 244 N. Y. 243; *People* v. *Gowasky,* 244 N. Y. 451; *People* v. *Voelker,* 221 N. Y. Supp. 760; *People* v. *Schaller,* 224 App. Div. 3; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249.) Mandamus may be invoked to correct a judgment of conviction or commitment. (*Matter of People ex rel. Woodin* v. *Ottaway,* 129 Misc. Rep. 120; *People ex rel. White* v. *Alderman,* 31 App. Div. 438; *People ex rel. Gaslight Co. of Syracuse* v. *Council of Syracuse,* 78 N. Y. 56; *Dental Society* v. *Jacobs,* 103 N. Y. 86; *People ex rel. King* v. *Gallagher,* 93 N. Y. 437; *People ex rel. Harris* v. *Com. of Land Office,* 149 N. Y. 26; *Moose* v. *Town Board of Health,* 116 Misc. Rep. 459; *Matter of Hunt* v. *Epps,* 70 Misc. Rep. 1; *People ex rel. Mullen Cont. Co., Inc.,* v. *Craig,* 114 Misc. Rep. 216; *People ex rel. Mott* v. *Board of Supervisors, Greene Co.,* 64 N. Y. 600.)

*Frank H. Coyne,* District Attorney (*James E. Dempsey* of counsel), for the People, respondent. The verdict of the trial jury declaring appellant guilty of feloniously possessing metal knuckles cannot be disregarded, as such verdict has never been set aside and remains undisturbed. (*People* v. *Gowasky,* 244 N. Y. 451; *People* v. *King,* 216 App. Div. 240; 243 N. Y. 554; *People* v. *Walker,* 134 App. Div. 909; 198 N. Y. 329; *Howell* v. *People,* 5 Hun, 620; 69 N. Y. 620; *People* v. *Dishler,* 38 Hun, 175; *People* v. *Upton,* 38 Hun, 107; *Guenther* v. *People,* 24 N. Y. 100; *People* v. *Fabian,* 192 N. Y. 443; *People* v. *Schaller,* 224 App. Div. 3; *Granger* v. *Craig,* 85 N. Y. 619; *People ex rel. Forsyth* v. *Sessions,* 141 N. Y. 288; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *Matter of Peeke,* 144 Fed. Rep. 1016; *United States* v. *Pridgeon,* 153 U. S. 48; *Devoe* v. *Kelley,* 97 N. Y. 212; *People* v. *Gutterson,* 244 N. Y. 243; *Foley* v. *Foley,* 15 App. Div. 276; *Becker* v. *Sauter,* 89 Ill. 596; *Smith* v. *Armstrong,* 25 Wis. 517; *McLean* v. *Stewart,* 14 Hun, 472; *Coughran* v. *Gutchens,* 18 Ill. 390.) The only proper

remedy for appellant is a motion for a new trial. (*People v. Miller*, 143 App. Div. 251; *Wedieu* v. *People*, 22 N. Y. 178; *People* v. *Jordan*, 96 App. Div. 33; *People* v. *Hassan*, 196 App. Div. 89; *McNevins* v. *People*, 61 Barb. 307; *People* v. *McDouuell*, 92 N. Y. 657; *People* v. *Moran*, 246 N. Y. 100; Code Crim. Proc. §§ 444, 465; *People* v. *Zerillo*, 200 N. Y. 443; *People ex rel. Hummel* v. *Reardon*, 186 N. Y. 164; *People ex rel. Plattuer* v. *Warden*, 103 Misc. Rep. 330; *People* v. *Meyer*, 123 Misc. Rep. 243; *People* v. *Willett*, 213 N. Y. 368; *People* v. *D'Argencour*, 95 N. Y. 624; *People* v. *Sheffield Farms*, 206 N. Y. 79; *People* v. *Priori*, 164 N. Y. 459.) There is no power by mandamus to grant to the petitioner the relief sought. (*Brown* v. *McCune*, 5 Sandf. 224; *Matter of Morgan*, 114 U. S. 174; *Jettinghoff* v. *Levy*, 198 App. Div. 796; *Howland* v. *Eldreidge*, 43 N. Y. 457; *Matter of Runk*, 200 N. Y. 447; *Matter of Morse* v. *Town Bd. of Health*, 116 Misc. Rep. 459; Code Crim. Proc. §§ 463, 465, 466; *Hebberd* v. *Loeb*, 125 App. Div. 579; *Matter of Eiss* v. *Sumners*, 205 App. Div. 691; 236 N. Y. 638; *Matter of Ottinger* v. *Voorhis*, 213 App. Div. 561; 241 N. Y. 49; *Matter of Lewis* v. *Graves*, 127 Misc. Rep. 135; *Matter of Crary* v. *Brady*, 207 App. Div. 838; 238 N. Y. 88; *People ex rel. East Side Assn.* v. *Hylan*, 118 Misc. Rep. 341; 202 App. Div. 745; *People ex rel. Breckinridge* v. *Village*, 207 App. Div. 821; *Matter of Cropsey* v. *Tiernan*, 172 App. Div. 435; *People ex rel. Benton* v. *Court of Sessions*, 66 Hun, 550; *People ex rel. Williams* v. *Court of Sessions*, 1 Park. Cr. Rep. 369; *People* v. *Superior Court*, 5 Wend. 115.)

*Hamilton Ward, Attorney-General* (*Almon W. Burrell* of counsel), for warden of Sing Sing Prison, respondent. The writ of habeas corpus was properly dismissed and the relator properly remanded to serve out the remainder of his sentence, as the judgment of conviction was a valid and subsisting judgment in full force and effect at the time the writ was issued and the sentence imposed under said judgment had not expired. (*People ex rel. Childs* v.

*Knott,* 187 App. Div. 604; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *People ex rel. Price* v. *Hays,* 151 App. Div. 651; *People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel. Goldstein* v. *Clancy,* 163 App. Div. 614; *People ex rel. Weick* v. *Warden of City Prison,* 117 App. Div. 154; 188 N. Y. 549; *People ex rel. Haines* v. *Hunt,* 229 App. Div. 419; *People* v. *Fabian,* 192 N. Y. 443; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 259; *State* v. *Sims,* 19 Ky. 260; 2 Bishop Crim. Proc. § 1074; *Commonwealth* v. *Miller,* 2 Ashm. [Pa.] 61; *Matter of Ah Bau,* 10 Nev. 294.)

CRANE, J. On the 14th day of December, 1927, Roy H. Sloane, the defendant, was convicted of the crime of feloniously possessing metal knuckles, and sentenced to Sing Sing State Prison at hard labor for the term of seven years. By section 1897 of the Penal Law, a person who carries or possesses metal knuckles is guilty of a misdemeanor, " and if he has been previously convicted of any crime he is guilty of a felony." The People having charged the defendant with possessing metal knuckles as a felony, it was necessary to allege and set forth in the indictment the crime for which the defendant had been previously convicted and by reason of which the nature of the offense was raised from misdemeanor to felony. This the People did by setting forth in the indictment the fact that at the County Court of Westchester on the 14th day of March, 1927, the said Roy H. Sloane was convicted of grand larceny in the first degree, and thereupon sentenced to Sing Sing for the term of ten years. On the 31st day of December, 1928, the County Court in which the defendant had been convicted of larceny set aside that conviction and ordered a new trial on the ground of newly-discovered evidence. The new trial, on the 29th day of April, 1929, resulted in a verdict of " not guilty." The defendant, however, was taken back to Sing Sing, where he is still imprisoned, serving his sentence of seven

years for feloniously possessing metal knuckles. The crime was made a felony because of the previous conviction of larceny, of which the defendant now stands acquitted.

Section 464 of the Code of Criminal Procedure enacts that the granting of a new trial places the parties in the same position as if no trial had been had. When the County Court set aside the conviction for larceny and granted the defendant a new trial, the conviction was at an end for all purposes. The defendant was properly convicted of possessing metal knuckles, but the question at the outset was whether the crime was a misdemeanor or a felony. For the misdemeanor the prisoner could have been sentenced to the county jail, penitentiary or State prison for not longer than one year. (Penal Law, §§ 1937, 2182.) He has been sentenced for seven years upon the assumption that he had previously been convicted of the crime of grand larceny. In the eyes of the law this was not the fact. It is true that at the time of sentence there was a record of such a conviction, but it has been wiped out, and the law has declared that such conviction did not exist. (Code Crim. Pro. § 464; *People* v. *Palmer*, 109 N. Y. 413.) A reversal on appeal or the granting of a new trial or an acquittal thereafter is the same as if no conviction had ever existed. The law deals with realities and not fictions; it punishes men for what they have done, not for formal entries or paper records not true in fact. It is abhorrent to our sense of justice to think of this defendant being confined for seven years because of a previous crime of which he was not guilty according to the verdict of a jury and a judgment of the court. He has been sentenced as a second offender when he was only a first offender. Sections 1941, 1942 and 1943 of the Penal Law provide that where a person has been convicted of a felony, his sentence must be increased, if he has been theretofore convicted. These sections, however, only apply to felonies, not misdemeanors. Sloane's conviction here for a felony

depended not upon these sections, but upon the peculiar wording to section 1897 which, as heretofore stated, makes the crime of carrying metal knuckles a misdemeanor, unless the defendant has previously been convicted of crime.

The fact is, therefore, that the defendant has served in prison all the time which the law gives him for the crime he actually committed; he was convicted of carrying metal knuckles as a misdemeanor, there being no previous conviction. This is the way the matter stands at law. It is no answer to say that at the time the county judge sentenced him there was a previous conviction of record; that has been wiped out, and all the statute law provides for his punishment is at most one year in prison or a fine of $500, or both.

The official public records of the County Court of Westchester county show these facts — the judgment of that court resting upon the previous conviction is contrary to its own records, showing an acquittal. On such incontrovertible record evidence the courts should act.

The defendant being in Sing Sing, having already served a longer time than the law exacts for his offense, how can he get out? He applied to the County Court to vacate its judgment or for a new trial; this was denied.

The appellant also applied for a writ of habeas corpus and for a writ of peremptory mandamus to send the matter back to the County Court either for discharge or an amendment of the sentence. Both of these applications were denied, and the orders are before us on appeal. It has been suggested that the only relief for the defendant is an application for executive clemency, which of course is applied for as a matter of grace, never as a matter of right. (*Roberts* v. *State*, 160 N. Y. 217.) Surely, the law has not become so entangled in its own machinery that it is helpless and unable to extricate itself. There must be some relief for a prisoner who, according to the records as they now exist, is entitled as a matter of right to his liberty. While the county judge acted upon the

information which he had before him at the time of sentence, yet all recognize now in the light of subsequent events that the sentence imposed should have been for a misdemeanor and not for a felony. The judgment should be corrected. We are dealing here with court records; the facts cannot be disputed or misunderstood. We do not say that this procedure would apply to facts sought to be established by other means of proof.

A similar case was before us in *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249). The relator was there sentenced by the County Court of Nassau county to life imprisonment as a fourth offender. More than a year after his incarceration he applied for a writ of habeas corpus, and a judge at Special Term in Kings county set aside his conviction and remanded the prisoner to the County Court for resentence as a second offender. We affirmed this order of the Supreme Court justice, although it had not been finally determined until our decision that a suspension of sentence did not constitute a previous conviction. (See, also, *Matter of Bonner*, 151 U. S. 242; *People ex rel. Devoe* v. *Kelly*, 97 N. Y. 212.)

There may be a distinction between a sentence wrong in the first instance as matter of law, as subsequently determined, and a sentence which at the time is right, but subsequently turns out to be wrong, because of the non-existence of an essential fact.

We, therefore, affirm the order dismissing the writ of habeas corpus but reverse the order refusing the peremptory writ of mandamus, and direct that the writ issue to the County Court of Westchester county directing it to resentence the relator as of the date of December 14, 1927, for the crime of possessing metal knuckles as a misdemeanor. The appeal from the order denying the application to vacate the judgment is dismissed. No costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.