MARVIN MALSBY, Respondent, v. JACKSON & TINDLE, INC., Appellant.— Judgment affirmed, with costs. Memorandum: We agree with the conclusion reached by the Special Term that the trial court erroneously refused to instruct the jury that defendant expressly warranted that the cylinder or discs of the machine which defendant sold to plaintiff were made of cast steel and not semi-steel. All concur. (The judgment reverses a judgment of the Buffalo City Court and grants a new trial in an action for breach of warranty.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

GEORGIANNA PAXTON, Residing at 2549 Main Street, Buffalo, New York, Respondent, v. BUFFALO INTERNATIONAL BASEBALL CLUB, INC., 1515 Michigan Avenue, Buffalo, New York, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The jury were instructed (1) that if they found that the plaintiff had looked for seats behind the screened portion of the grandstand and had found none available there, they could then find the defendant negligent for having failed to place a screen in front of the seats occupied by the plaintiff ; (2) that they could also find the defendant negligent if they found that it had negligently failed to provide lights of such character that its patrons might reasonably follow the course of balls batted or thrown into the unscreened portions of the grandstand. Under no view of the evidence could the defendant be held negligent for failing to place a screen before the seats occupied by the plaintiff. Hence it was error to submit that ground of liability to the jury. Since special questions, involving the grounds of liability, were not submitted to the jury, we are unable to determine on which theory the jury based their verdict. All concur, except Crosby and Taylor, JJ., who concur in the reversal but vote to dismiss the complaint on the ground that the risk of injury from a batted ball is one assumed by the spectator. (The judgment is for plaintiff in an action for damages for personal injuries sustained by reason of being struck by a ball at a night ball game. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

JAMES PAXTON, Residing at 2549 Main Street, Buffalo, New York, Respondent, v. BUFFALO INTERNATIONAL BASEBALL CLUB, INC., 1515 Michigan Avenue, Buffalo, New York, Appellant.— Same decision and like cause of action [but for loss of services, etc.] as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

In the Matter of the Application of GLENN MARTIN, Appellant, for a Mandamus Order against Hon. THEODORE M. COBURN, as District Attorney of the County of Cayuga, New York, Respondent.— Order affirmed, without costs. Memorandum: A question of fact was presented as to what was the nature of the petitioner's plea of guilty in the Cayuga County Court on February 18, 1925. The proof is ample to show that the plea was one of guilty to a charge of felony as a first offender only, after a waiver by the district attorney of that part of the indictment which charged the petitioner with the commission of the crime after a previous conviction for a felony. We find nothing in the proof to convince us that the finding of the County Court in accordance with such proof was erroneous either in fact or in law. All concur, except Dowling, J., not voting. (The order dismisses the petition and amends certain records of the Cayuga County Court.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.