THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PATRICK J. BIGLEY, Defendant.

Supreme Court, Erie County, May 29, 1942.

*Leo J. Hagerty, District Attorney [Maurice Frey, Assistant District Attorney,* of counsel], for the People.

*Merwin, Paul, Lesswing & Hickman [Wortley B. Paul* of counsel], for the defendant.

HINKLEY, J. The defendant was convicted of the crime of burglary, third degree, on April 20, 1938, and on May 2, 1938, he was sentenced as a fourth offender by this court for a term of fifteen years to life.

The vice of this situation is that through inadvertence, and, of course, not with intent, the information filed by the district attorney charging defendant as a fourth offender was concededly false. Among the three previous felonies alleged against defendant was one that charged him with having been convicted of grand larceny, second degree. The records at the time of that trial disclosed that he was convicted of *both grand larceny, second degree, and criminally receiving stolen property,* having stolen and feloniously received the stolen property.

This is a motion seeking a resentence of defendant upon the ground that he had not previously been convicted of three felonies.

There is abundant authority for the exercise by the court of the power to correct an erroneous sentence.

" It has been suggested that the only relief for the defendant is an application for executive clemency, which of course is applied for as a matter of grace, never as a matter of right.   *   *   * Surely, the law has not become so entangled in its own machinery that it is helpless and unable to extricate itself." (*People ex rel. Sloane* v. *Lawes*, 255 N. Y. 112, 118.) (*People ex rel. Marcley* v. *Lawes*, 254 id. 249; *People ex rel. Miresi* v. *Murphy*, 253 App. Div. 441, 444, and cases cited; appeal denied, 278 N. Y. 741.)

The defendant when arraigned as a fourth offender was powerless to contest the issue as to the correctness of the information. He had to admit his identity or, if he denied the same or stood mute, it would have been necessary to have tried him upon the sole issue of such identity.

" The only thing that is to be tried before a jury is the identity of the prisoner. By the information he is charged with having been previously convicted. If he denies it, his previous conviction is the only thing to be tried. Is he the same person mentioned in the several records as set forth in the information? This is the *only* question to be submitted to the jury, and the *only* question which they are to answer by their verdict." (*People* v. *Gowasky*, 244 N. Y. 451, 464.) (Italics supplied.)

All other issues and questions are matters of law for the sentencing judge. (*People* v. *Dacey*, 166 Misc. 827.) His responsibilities are grave. " The finality of a judgment establishing each of the prior convictions should be present, before a prisoner is regarded as a fourth offender." (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249.)

There are many questions of law which confront the sentencing judge. He must determine the correctness of the form and contents of the information which charges the offender with three previous felonies. He must determine in many instances whether the offenses charged would be felonies if committed within the State. (*People* v. *Knox*, 223 App. Div. 123; *People* v. *Voelker*, 222 id. 717; *People* v. *Castellano*, 228 id. 670; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.) The court in some instances must determine the difference between a misdemeanor and a felony. (*People ex rel. Jaffe* v. *Henderson*, 245 App. Div. 169; affd., 270 N. Y. 638.) The court must determine whether or not the convicted person was armed. (*People* v. *Krennen*, 264 N. Y. 108.) The court did determine that the President of the United States could not wipe out guilt. (*People ex rel. Prisament* v. *Brophy*, 287 N. Y. 132.)

When the attention of the court was directed to the falsity of the information it is obvious that the offender should be returned to court and again arraigned upon a correct information. But that would be idle in this case unless the court is satisfied as matter of law that a different sentence would be imposed upon the corrected and true information. In other words, this motion must be denied unless the court be satisfied that the previous conviction of defendant of the crimes of grand larceny, second degree, and criminally receiving the same property is not a valid conviction which, with the other two unquestioned convictions, established defendant as a fourth offender. The verdict of the jury which found defendant guilty of stealing and criminally receiving the same property, was inconsistent, illegal, improper, and at the time absolutely void. The courts have always held that larceny and criminally receiving property were distinct and separate crimes. (*People* v. *Spivak*, 237 N. Y. 460, 462; *People* v. *Zimmer*, 174 App. Div. 470; affd., 220 N. Y. 597; *People* v. *Kupperschmidt*, 237 id. 463.) In the latter case the court held that in a literal sense a larcenist could not also criminally receive the same property, but he could do it in a legal sense. That, however, was solely for the purpose of interpreting a statute which made all concerned in the commission of a crime principals. The court there was dealing with the legalistic definition of guilty participation, not with the common meaning of words.

" This materially affects the question here to be passed upon *in limine*, and that is, whether a man can be convicted of feloniously receiving from himself property which he has stolen. The statement of the proposition seems to refute it. Both offenses, and the two persons necessary to accomplish one of them, are united in the same person, if it be otherwise. This may be the outcome of modern science in the administration of criminal law, but it seems to be at war not only with principle and doctrine, but impossible without creating a new fiction by which the wrongful taker of the property shall be presumed to be evolved from the receiver and separately existing. Larceny and the crime of receiving stolen goods are separate, distinct and independent, requiring different kinds of proof." (*People* v. *Brien*, 53 Hun, 496.)

The fact remains that larceny is the actual taking of property with a felonious intent, and the crime is not complete until such possession is acquired. One who criminally receives property also acquires possession. To say that one can feloniously again receive from himself to himself what he has already feloniously acquired by himself and taken unto himself, is an absurdity. No legislative formula nor legalistic reasoning can make possible that which is impossible. Here a jury has found the defendant guilty of doing

what he could not do, namely, stealing and criminally receiving the same property. We cannot lightly pass this by and say that the jury having convicted the defendant of two crimes it must follow that he must have committed one. Nor can we speculate as to which crime the jury determined that defendant had committed. (*Paxton* v. *Buffalo International Baseball Club, Inc.*, 256 App. Div. 887.) " We may not ' sustain a conviction erroneously secured on one theory on the conjecture that it would have followed just the same if the correct theory had been applied.' " (*People* v. *Roper*, 259 N. Y. 170.) (*People* v. *King*, 216 App. Div. 240.)

The defendant failed to appeal from the illegal conviction. By such failure the conviction became final and defendant is estopped from attempting to vacate it. But this is not a proceeding to set aside such conviction or to attack it collaterally. The information filed by the district attorney commenced an entirely new proceeding in order to compel the imposition of a mandatory increased punishment for a later offense. There is a clear distinction between attacking a final judgment and employing an obviously illegal judgment as the basis for a life sentence. It would obviously be unjust and cruel to visit upon defendant an increased punishment at a later date because of his failure or inability to vacate a void judgment. For such a purpose time did not render valid that which was invalid.

" Justice is done according to law by sentence that the doors of a prison shall forever close upon an accused only when guilt has been established according to law." (*People* v. *Gowasky, supra*, 472.)

" These laws are to be administered fairly on all sides, that they may accomplish the end which the Legislature had in view." (*People* v. *Gowasky, supra*, 465.)

The sentencing judge realizes that he has unwittingly closed the prison doors perhaps for life behind an offender by virtue of an incorrect information filed with the court. Also that the imposition of this maximum sentence of life is based upon an impossible, illegal and improper verdict and conviction. Had the information been correct, the court would have seen the inconsistency of the verdict upon which the conviction was based and have sentenced the offender in accordance with the views here expressed. Under the circumstances there is but one course open to the court.

Motion granted. Defendant ordered returned for resentence upon a corrected information to be filed by the district attorney.