THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER J. KONDRK, Relator, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.

Supreme Court, Special Term, Cayuga County, October 27, 1947.

*Peter J. Kondrk,* relator in person.

*Nathaniel L. Goldstein, Attorney-General* (*Wm. S. Elder, Jr.,* of counsel), for defendant.

WARNER, J. The relator was indicted by the Grand Jury of Chemung County on four counts for the crimes of burglary, third degree, grand larceny, second degree, and criminally receiving stolen property. He pleaded guilty as charged in the indictment and was sentenced on October 18, 1932, to the New York State Reformatory at Elmira, New York, subject to the rules and regulations. The Department of Correction has computed his term as having a maximum of twenty years, which was the maximum punishment for criminally receiving as the law stood then. (Penal Law, § 1308, as amd. by L. 1928, ch. 354.)

The relator challenges the validity of the aforesaid indictment and states " that his imprisonment is not the result of a legal and lawful judgment imposed on him by any civil or criminal court of competent jurisdiction."

Counts charging burglary, larceny and receiving stolen property are properly joined in one indictment where the offenses so alleged relate to the same transaction. (*People* v. *Wilson,* 151 N. Y. 403.) The offenses alleged in the instant case relate to the same transaction and the indictment is not to be deemed defective. However, receiving stolen property and grand larceny are distinct and separate crimes, and a larcenist cannot also criminally receive the same property. (*People* v. *Brien,* 53 Hun 496; *People* v. *Bigley,* 178 Misc. 552; *People* v. *Spivak,* 237 N. Y. 460.)

In the instant case had defendant (relator) stood trial and been convicted of the larceny alleged in the second count of the indictment the jury could not then legally have convicted him, also, under either the third or fourth count of the indictment, of criminally receiving the same property which the said jury had already found him guilty of stealing. Neither has the court jurisdiction to accept a plea of said defendant of guilty of stealing and criminally receiving the same property; and particularly so when, as here, there is no allegation in said second count that any accomplice, or accomplices, known or unknown, were involved with said defendant in the larceny alleged and of which defendant pleaded guilty.

In the instant case, the court, when it accepted the defendant's plea of guilty of larceny under the allegations of the second count of the indictment, foreclosed itself of the right legally to accept defendant's plea of guilty of receiving stolen property under the allegations of either the third or fourth count of said indictment. The judgment of conviction, pursuant to which relator is now held in custody, pronounced only " that the said defendant be imprisoned in the New York State

Reformatory at Elmira, N. Y., subject to the rules and regulations." It contained no information or directions for the guidance of the Department of Correction in determining the maximum term of imprisonment of the defendant under the judgment of conviction as rendered. It ought properly to have stated that the sentence imposed was with respect only to the crimes of burglary, third degree, and grand larceny, second degree. (*People ex rel. Thornwell* v. *Heacox,* 231 App. Div. 617.)

In the instant case, defendant was properly punishable only for burglary, third degree. (Penal Law, § 1938.). The maximum punishment for that offense, as the law then stood, was ten years. (Penal Law, § 407, subd. 3.) Relator has now served more than the maximum term that may legally be imposed for said offense.

This court finds that relator is being now detained under a void sentence and is entitled to be released. Writ sustained and relator ordered discharged from custody. Let order enter accordingly.