■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY BARONE, Relator, against SUPERINTENDENT OF BELLEVUE HOSPITAL, NEW YORK, Respondent.— Writ dismissed. Nolan, P. J., Wenzel, Murphy and Ughetta, JJ., concur; Beldock, J., dissents and votes to sustain the writ and to remand the relator to the City Prison for the purpose of immediate resentencing, with the following memorandum: In 1955, in the County Court, Kings County, a final judgment was rendered convicting relator of the crime of assault in the second degree with intent to commit sodomy and sentencing him as a second felony offender to serve from 8½ to 10 years. In January, 1959, in the County Court, Wyoming County, a prior writ of habeas corpus was sustained on the ground that the relator's first crime was not a felony and he was accordingly remanded to the County Court, Kings County, for resentence as a first felony offender. Thereafter, for more than five months, relator remained lodged in the New York City Prison awaiting such resentence. On June 23, 1959, the County Court, Kings County, made an order, pursuant to section 658 of the Code of Criminal Procedure, committing relator to Bellevue Hospital for a period not exceeding 60 days for the purpose of making a mental examination to determine whether he is " in such state of idiocy, imbecility or insanity as to be incapable of understanding the charge, indictment or proceedings or of making a defense." In my opinion section 658 of the Code of Criminal Procedure is inapplicable and does not authorize relator's commitment to the hospital. By its express terms that section may be invoked only before final judgment. Here final judgment was rendered in 1955. The resentence to which relator is now entitled is only for the limited purpose of correcting the original sentence under such final judgment so as to make the

sentence accord with relator's true status as a first felony offender. Thus the only duty of the County Court of Kings County is to effectuate such correction through the medium of the resentence, and that clear limited duty may be enforced by mandamus (cf. *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112). Such resentence and correction do not, however, vitiate the original judgment of conviction or impair its finality. Consequently, section 658 of the Code of Criminal Procedure was improperly invoked as the basis for relator's present confinement to Bellevue Hospital for examination. That section authorizes such examination only "before final judgment".