Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment of conviction dated February 16,1959, convicting the defendant of the crime of assault in the second degree and sentencing him *993 as a second felony offender to a term of not less than 2% and not more than 10 years in State prison. The defendant claims that the indictment alleged a prior conviction which was not necessary to raise the grade of the crime of which he was accused in violation of the provisions of section 275-b of the Code of Criminal Procedure. Section 275-b provides: “The indictment shall not allege that the defendant has previously been convicted of any crime or offense nor shall it set forth any record thereof, unless such prior conviction affects the degree of crime charged in the indictment or is an element of such crime.” Although the defendant’s factual allegations are correct, he is in error in Ms conclusion that the judgment of conviction is void. Since the error appeared on the face of the indictment, the defendant had an adequate remedy at law. He made no motions addressed to the indictment or in arrest of judgment nor did he take an appeal from the judgment of conviction. The writ of error coram nobis may not be used as a vehicle for a belated motion or an appeal which, although available to the defendant was not made (People v. Shapiro, 3 N Y 2d, 203; People v. Kendrick, 300 N. Y., 544). The application is, therefore, denied.