## (March 28, 1961)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN JOHNSON, Appellant.

APPEAL from a judgment of the Bronx County Court, rendered April 22, 1960, resentencing defendant as a second felony offender.

MEMORANDUM BY THE COURT. Judgment of the Bronx County Court resentencing defendant as a second felony offender pursuant to a writ of *coram nobis* affirmed. The sentence was pursuant to an information filed pursuant to section 1943 of the Penal Law charging defendant with having previously been convicted of a felony in the United States District Court for the Western District of Pennsylvania. Defendant admitted that he was the person named in the indictment in the Federal court and no question is raised as to his identity. The proper procedure in such a situation is for the court to receive proof of the indictment and judgment of conviction and to determine from these papers whether the facts charged in them amount to a felony according to the laws of this State. Instead, defendant was asked to plead to the information and he pleaded guilty. While there is no such thing as a plea of guilty to an information, it is quite clear that what was intended by the defendant was an admission that the facts charged in the Federal indictment did amount to a felony in this State and a desire on his part not to contest that issue. It is possible that the procedure taken might have been confusing to a layman and he might not have understood the full purport of it. However, defendant here was represented by counsel on the resentencing, and there can be no doubt that his counsel was fully aware that that was what was being done. There is no requirement. that a party must contest an issue if he understands it and indicates a desire to the contrary. Consequently, while the procedure was not what it should have been, no prejudicial error resulted.

EAGER, J. (dissenting). The conviction and sentence of the defendant as a second felony offender is without proper basis in the record. There was nothing presented to the sentencing court to show that his alleged previous Federal offense, of which he was convicted in a United States District Court,

was in fact in the nature of a felony; and the defendant's plea of "guilty" does not support the conviction.

There is in the statute no provision for the taking by the court of a general plea by the defendant of "not guilty" or "guilty" to the information filed by the District Attorney charging the defendant with being a second, third or fourth felony offender. (See Penal Law, § 1943.) Thus, the taking here by the sentencing court of the defendant's plea of guilty to the information, not being an authorized procedure, was ineffective as a matter of law.

In any event, the plea of "guilty" may not on the record here be accepted by this court as establishing as a matter of law or fact a proper basis for the sentence. According to the record, the defendant was not informed that it was claimed that his alleged previous offense was a felony. It does not appear that the information so charging was read to him or that he knew that it was alleged therein that the previous offense was claimed to be a felony. Furthermore, the information did not give the full details of the alleged previous offense and it did not appear thereby that the defendant had in fact been convicted of a crime in the nature of a felony under the laws of the State of New York. Thus, the defendant's plea of "guilty" to the information was not as a matter of fact an admission of a previous conviction of a felony, and is insufficient to support the conviction and sentence of the defendant as a second felony offender. (*People* v. *Knox*, 223 App. Div. 123; *People* v. *Voelker*, 220 App. Div. 528, 535.)

Where a defendant convicted of a felony is charged and arraigned upon an information charging him with having been previously convicted of a felony, all questions or issues, except that of identity, arising in connection with the information are for the sentencing Judge. (*People* v. *Dacey*, 166 Misc. 827, 828; *People* v. *Bigley*, 178 Misc. 552, 553.) Where, as here, identity is admitted, "[h]is responsibilities are grave. * * * There are many questions of law which confront the sentencing judge. He must determine the correctness of the form and contents of the information which charges the offender with * * * previous felonies. He must determine in many instances whether the offenses charged would be felonies if committed within the State." (*People* v. *Bigley, supra*, p. 553.) "The court must satisfy itself as a matter of law that, by competent records adduced before it, the defendant was convicted of a crime which, if committed within this State, would be a felony." (*People* v. *Dacey, supra*, p. 830.)

Before sentencing the defendant as a second felony offender, it was clearly the duty of the court to consider and pass upon the question of whether or not the defendant's previous conviction would have been a felony if committed in this State. (See *People ex rel. Goldman* v. *Denno*, 9 A D 2d 955.) The question was to be determined on the basis of the material and operative facts of the Federal crime of which he was convicted; and, clearly, to reach a determination of the question, the court would be required to consult the relevant Federal penal statutes and to receive and examine the Federal indictment and the Federal judgment of conviction. (See *People ex rel. Gold* v. *Jackson*, 5 N Y 2d 243; *People* v. *Olah*, 300 N. Y. 96.) It does not appear from the record that this was done, and, in any event, this court is not able to make a proper determination of the question on the record before it.

It does not appear from the record here that the sentencing Judge had before him copies of or the full substance of the Federal indictment and of the judgment of conviction or the relevant Federal statutes, so as to enable him properly to determine the questions before him. As a matter of fact, the information as filed does not contain a reference to the particular Federal statutes defining the offense of which the defendant stood convicted.

As afore-noted, the defendant was not expressly advised that his previous conviction was a conviction for a felony, and did not have an opportunity to be heard thereon. Under the circumstances, this appellate court should not at this time receive and consider certified copies of the indictment and of the judgment of conviction for the purpose of now determining in the first instance whether or not the defendant's alleged previous offense was in the nature of a felony under New York law. To do so in the guise of expediency would short circuit proper procedures of full and proper hearing determination by the sentencing court and be contra to the import of said section 1943 of the Penal Law and the decisions applying and construing said section; and contra to requirements of due process.

*People ex rel. Lopez* v. *Brophy* (246 App. Div. 682) is decisive. There the relator had been convicted of a felony and the District Attorney filed an information pursuant to section 1943 of the Penal Law accusing him of having been previously convicted of three felonies. He admitted that he was the same person mentioned in the information and that he committed the crimes named therein. Nevertheless, the court directed that he be returned for resentence because it did not sufficiently appear from the record that all of the three crimes mentioned in the information were such as would be felonies if committed within the State of New York.

It is suggested that, inasmuch as the defendant did not contest in the court below the charge that he was a second felony offender and raised no question there as to the propriety of his sentence, he has waived his rights and we may affirm, without prejudice to the right of the defendant to have a determination of the pertinent questions on a motion for resentence or on a habeas corpus or *coram nobis* proceeding. It is suggested that he could establish a record on such a motion or proceeding and, therefore, is not without appropriate remedy. Any such suggestion, however, merely begs the issue here. It was for the sentencing court at the time of the arraignment of the defendant as a second felony offender to then and there determine the questions involved; and the defendant has the right to urge on this appeal the question of whether or not there was a proper determination. It is clearly improper to relegate the defendant to further proceedings, and thereby cast upon him the burden of proving that he was not guilty as a second offender. In any event, it is clear that an appeal is the appropriate remedy to question the legality of a conviction.

The judgment of conviction should be reversed on the law and on the facts and the matter remanded to County Court for resentencing.

Botein, P. J., Breitel, Rabin and Steuer, JJ., concur in Memorandum by the Court; Eager, J., dissents in opinion.

Judgment of the Bronx County Court resentencing defendant as a second felony offender pursuant to a writ of *coram nobis* affirmed. Etc.