Abraham 1ST. Gelleb, J.
This is an application in the nature of a writ of error coram nobis to set aside a judgment of this court after conviction on October 2,1957 of the crimes of robbery in the second degree (count 1) and carrying a dangerous weapon after a prior conviction (count 4). Defendant was sentenced as a second felony offender under the first count and his sentence under the fourth count was directed to run concurrently therewith.
On February 10, 1961 the prior conviction was vacated. Defendant was thereupon resentenced as a first offender under his conviction on the first count nunc pro tunc as of October 2, 1957,- and resentenced with respect to the fourth count for the crime of carrying a dangerous weapon as a misdemeanor, being given a suspended sentence on this count.
The fourth count was based on section 1897 of the Penal Law, providing that a person who carries a dangerous weapon is guilty of a misdemeanor, “ and if he has been previously convicted of any crime he is guilty of a felony.”
The post-trial vacatur of the prior conviction necessarily resulted in the elimination of that element of section 1897 which rendered the act of carrying a dangerous weapon a felony, and must to that extent be given effect. However, such vacatur cannot wipe out the basic finding of carrying a dangerous weapon, which by itself constitutes a misdemeanor. The resentencing by this court of defendant on the fourth count as for a misdemeanor was in accord with the direct holding in People ex rel. Sloane v. Lawes (255 N. Y. 112) in an identical situation.
By the present application defendant seeks to vacate entirely his convictions on both counts on the ground of alleged prejudice to him arising from the proof at the trial of the former conviction. But that conviction was an essential element of the fourth count as charged in the indictment tried by the jury. At *171 Hi at time it was a valid and subsisting* conviction, and no reason existed or was even asserted for barring* it at the trial.
Coram nobis was denied in People v. Blake (7 A D 2d 642), in a parallel situation, where the prosecution on cross-examination of defendant had introduced a prior conviction which was subsequently reversed (see People v. Anderson, N. Y. L. J., September 1, 1961, p. 11, cols. 6-8).
Moreover, the record herein indicates that the court explicitly charged the jury that the prior conviction was not to be considered with respect either to the first count of the indictment or the other elements of the fourth count. It must be presumed that the jury followed this instruction of the court.
Furthermore, the court did take cognizance of defendant’s situation in the light of the subsequent vacatur by reducing* the sentence on the first count to that of a first felony offender and by suspending sentence on the fourth count then being reduced to a misdemeanor (cf. Johnson v. People, 55 N. Y. 512, 514; People v. Branton, N. Y. L. J., March 24, 1960, p. 15, cols. 1-2).
If defendant’s theory were to be adopted, many and longstanding* convictions would be subject to reopening* upon the setting* aside for any reason whatsoever of any former conviction of a defendant, even though a valid and subsisting judgment at that time was properly received in evidence at the trial in accordance with the applicable statute and rules of evidence.