Abraham N. Geller, J.
Defendant moves for reargument and reconsideration of the decision herein (31 Misc 2d 169) denying his application in the nature of a writ of error coram nobis. Defendant argues, in effect, that the amendment by chapter 687 of the Laws of 1961, effective July 1,1961, of section 275-b of the Code of Criminal Procedure, which set forth the conditions when the existence of a prior conviction was not to *694 be referred to in the hearing of the jury, was simply a restatement of the applicable procedure which should have been followed prior to the'amendment.
The argument is untenable. The applicable procedure is governed by the charge in the indictment. This indictment was returned prior to July 1, 1957. Section 275-b was added by chapter 540 of the Laws of 1957, effective July 1, 1957, providing that thereafter indictments shall not allege a previous conviction unless such prior conviction affected the degree of crime charged (subsequently amended to permit such allegation of a prior conviction also where it “is an element of such crime ” charged in the indictment). In an analogous situation it was held in People v. Smith (12 A D 2d 535) that the section did not affect the validity of an indictment that pre-dated its effective date, even though defendant was resentenced on such indictment after its effective date.
Similarly, the 1961 amendment of section 275-b, which provided that in no event was a prior conviction to be alleged in the indictment and set forth the procedure barring, upon defendant’s admission thereof outside of the presence of the jury, such evidence at the trial, did not affect the validity of convictions theretofore obtained in accordance with the then applicable procedure.
Moreover, corom nobis would not lie on the ground here asserted, since the error, if any, was reviewable on an appeal from the judgment of conviction (People v. Marshall, 23 Misc 2d 992). The fact that the prior conviction was subsequently vacated cannot by itself render erroneous that which was free from error at the time of trial. Accordingly, the motion is in all respects denied.