The People of the State of New York ex rel. Frederick D. Benham, Jr., Relator, *v.* J. P. Conboy, as Warden of Great Meadow Correctional Institution, Respondent.

Supreme Court, Special Term, Washington County, June 25, 1962.

*Harold R. Moore, Jr.*, for relator. *Louis J. Lefkowitz, Attorney-General* (*Herbert H. Smith* and *Robert W. Imrie* of counsel), for respondent.

Felix J. Aulisi, J. The facts in this writ of habeas corpus proceeding are not in dispute.

On September 27, 1960, the relator plead guilty before the Honorable Paul J. Widlitz, County Judge of Nassau County, to the crime of attempted burglary in the third degree. On November 10, 1960, the relator was sentenced as a second felony offender for a term not less than four nor more than seven years in the State prison. Following the sentencing and the commencement of his confinement, the relator was successful in having the first felony conviction, which provided the basis for his conviction as a second offender, dismissed in the State of Florida. Thereupon relator instituted proceedings in the Nassau County Court to have his conviction as a second felony offender vacated. On June 14, 1961, an order by Judge Widlitz was made vacating and setting aside the sentence imposed on November 10, 1960, and by said order relator was sentenced as a first felony offender to the New York State Reformatory at Elmira " for a period not to exceed five years, said sentence to commence *nunc pro tunc* as of November 10, 1960 ".

The relator in this application raises no issue with respect to his original sentence as a second offender, and it is conceded that such sentencing was legal and proper, and no serious question is raised regarding the right and power of the orginal sentencing court to resentence the relator after the prior conviction affording basis for his conviction as a second offender was vacated. That a defendant sentenced as a multiple offender may be resentenced after the vacating of a prior conviction upon which the imposition of additional punishment was predicated is not open to question (see *People ex rel. Branton* v. *Jackson,* 6 A D 2d 916, affd. 6 N Y 2d 784; *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *People* v. *Tyson,* 116 N. Y. S. 2d 394, affd. 281 App. Div. 1058 and *People* v. *Keller* 37 N. Y. S. 2d 61).

The relator presents two contentions as his basis for relief. He argues first that the sentencing court was without jurisdiction to interrupt a legally imposed sentence and he further contends that the court had power only to reduce the existing sentence insofar as it was excessive and had no power to impose a second sentence.

This court finds that there is no question that the original sentencing court had jurisdiction to resentence the relator and this court also finds that the resentencing did not interrupt the sentence originally imposed, under which the relator was in custody, since the resentencing provided that it was to run from the date of the original sentence, viz., November 10, 1960.

I am also constrained to conclude that it was within the power and discretion of Judge WIDLITZ to resentence the relator in the manner that he did. At the time of the resentencing it appears that the relator was 21 years of age, and since on his resentencing he was being treated as a first offender, such resentencing came within the purview of section 2185 of the Penal Law and section 288 of the Correction Law. In vacating and setting aside the original sentence, there was in effect a vacatur of the original sentence, and for the purpose of resentencing the relator was thereby returned to the status existing prior to the original adjudication (*People* v. *Sullivan,* 3 N Y 2d 196).

In entertaining and granting the relator's application for resentencing, the court was placed in a position to resentence judgment conforming to the judgment which could have been given on November 10, 1960, had the Florida judgment not then been in effect. The sentencing court had jurisdiction of the person of the relator and the offense for which he was charged.

In my opinion the relator received the proper and legal sentence which was within the discretion of the sentencing court to render.

The writ herein should be dismissed and relator remanded to the custody of the Warden of Great Meadow Correctional Institution, Comstock, New York. An order may be submitted accordingly.