| Diesel Funding LLC v Build Retail Inc |
| :---: |
| 2024 NY Slip Op 31381(U) |
| April 18, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523957/2022 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CIVIL TERM: COMMERCIAL PART 8
----------------------------------------------x
DIESEL FUNDING LLC,

                              Plaintiff,          Decision and order

        - against -                               Index No. 523957/2022

BUILD RETAIL INC and AMES WESLEY CASHWEL,
                              Defendants,          April 18, 2024
----------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                      Motion Seq. #1


        The defendants have moved seeking to vacate a default based

upon a stipulation of settlement entered between the parties.

They further seek to vacate a judgement obtained pursuant to the

settlement and for summary judgement pursuant to CPLR §3212

dismissing the action.  The plaintiff has opposed the motion.

Papers were submitted by the parties and after reviewing all the

arguments this court now makes the following determination.

        On June 21, 2022, the plaintiff a merchant cash advance

funding provider entered into a contract with defendants who

reside in North Carolina.  Pursuant to the agreement the

plaintiff purchased $1,274,150 of defendant's future receivable

for $850,000.  The defendant Cashwell guaranteed the agreement.

The plaintiff asserts the defendants stopped remittances in

November 2023 and now owe $214,313.65.  On August 22, 2022 the

parties entered into a stipulation wherein it was agreed the

defendants owed $1,150,740.12 and could be paid back with various

options enumerated within the agreement.  The defendants failed

to make any payments and a default judgement was entered on May

25, 2023. The plaintiff filed a summons with notice and the defendants filed the within motion seeking essentially to vacate the judgement. In order to vacate the judgement the defendants seek to vacate the settlement agreement and the underlying merchant cash agreement. Further, the defendants seek injunctive relief staying the enforcement of the judgement. As noted, the motion is opposed.

## Conclusions of Law

It is well settled that a settlement is binding if signed and stipulated by the parties or agreed to by the parties in open court (CPLR §2104). Thus, there is no dispute that a settlement was fully reached between the parties. Therefore, absent fraud, collusion or mistake a stipulation that is fair on its face will be enforced (Berghoff v. Berghoff, 8 AD3d 519, 779 NYS2d 215 [2d Dept., 2004]). In this case, the defendants argue that, essentially, the stipulation was based upon a fraud. Specifically, the fraud consists of the fact the underlying merchant agreement was usurious and unlawful. Therefore, a review of the underlying agreement as well as the law in this regard is necessary.

In this case, there are no questions of fact the agreement was a cash advance agreement and not a usurious and unenforceable loan. The agreement contained a reconciliation provision which

2

[* 2]

conclusively establish the agreement was not usurious (see, 92 Palm Foods LLC v. Fundamental Capital LLC, 80 Misc3d 1211(A), 195 NYS2d 636 [Supreme Court Suffolk County 2023]). The defendants argue the reconciliation provision in the contract was merely illusory and thus not a true reconciliation provision, hence the contract was a loan and was usurious.

It is well settled that if the party that provided the funds is absolutely entitled to repayment in all circumstances then a loan exists, however, if the provider is not absolutely entitled to repayment then the transaction is not a loan. The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan (LG Funding LLC, v. United Senior Properties of Olathe, LLC, 181 AD3d 664, 122 NYS3d 309 [2d Dept., 2020]). The courts have developed three criteria evaluating whether a particular arrangement is a loan or a merchant case advance. First, whether there is a reconciliation provision, whether the agreement has an indefinite term and lastly, whether the funder has recourse if the merchant declares bankruptcy (Principis Capital LLC, v. I Do Inc., 201 AD3d 752, 160 NYS3d 325 [2d Dept., 2022]). Thus, a reconciliation provision demonstrates, without any evidence to the contrary that the funder is not "absolutely entitled to repayment under all circumstances" (NY Capital Asset Corp., v. F

3

[* 3]

& B Fuel Oil Co., Inc., 58 Misc3d 1229(A), 98 NYS3d 501 [Westchester County 2018]). As the court there noted "when payment or enforcement rests on a contingency, therefore, the agreement is valid though it provides for a return in excess of the legal rate of interest" (id). In this case the reconciliation provision is mandatory, supporting the simple conclusion the agreement is not a loan (see, Tender Loving Care Homes Inc., v. Reliable Fast Cash LLC, 76 Misc3d 314, 172 NYS3d 335 [Supreme Court Richmond County 2022]). Specifically, the reconciliation provision in this case states that "any Merchant may give written notice to DIESEL requesting that DIESEL conduct a reconciliation in order to ensure that the amount that DIESEL has collected equals the Specified Percentage of Merchant(s)'s Receivables under this Agreement" (see, Standard Merchant Cash Advance Agreement, ¶4 [NYSCEF Doc. No. 23]).

In this case the reconciliation provision is mandatory, supporting the simple conclusion the agreement is not a loan. The provision does not state that any discretion is permitted by the plaintiff at all. This is particularly true where the defendants have not alleged that reconciliation did not in actuality function as agreed or that they "ever requested an adjustment of the amounts being collected in order to account for the actual amount of [their] daily receivables" (see, Streamlined Consultants Inc., et., at., v. EBF Holdings LLC, 2022 WL 4368114

4

[* 4]

[S.D.N.Y. 2022]).

Moreover, there is no basis to challenge the legitimacy of the agreement on the grounds the plaintiff committed fraud by misrepresenting its terms. Indeed, the terms are all clearly delineated in the agreement itself. It is not the plaintiff's fault the defendants purchased receivables they could not pay back. Thus, the inability of the defendants to return the funds given to them does not mean any fraud was committed. The defendants have not pointed to any specific statements made by the plaintiff that was not within the four corners of the agreement that could possibly constitute fraud.

Therefore, there is no basis upon which to challenge the legality of the merchant agreement. Consequently, the merchant agreement was valid and likewise the settlement agreement was valid as well. Therefore, the motion seeking to vacate the judgement and to vacate the settlement agreement is denied. Likewise the motion seeking an injunction is denied. The defendants motion is denied in full.

So ordered.

ENTER:

DATED: April 18, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

5

[*5]