PEOPLE ex rel. SAMPSON v. NEW YORK CATHOLIC PROTECTORY.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. HABEAS CORPUS—PLEADINGS—RETURN—FAILURE TO TRAVERSE.
   Where there is no traverse to a return to a writ of habeas corpus, such return must be accepted as true.
2. SAME—QUESTIONS PRESENTED.
   Habeas corpus being a writ of right, the only question brought up is the fact of commitment.
3. SAME—REMANDMENT.
   Where a petition for habeas corpus alleged that relator was held by virtue of an agreement between petitioner, his mother, and defendant, and the return negatived this allegation by stating that relator was held by virtue of a commitment, and petitioner did not traverse the return, relator should have been remanded.

Appeal from Special Term.

Habeas corpus proceedings by the people, on the relation of John Sampson, against the New York Catholic Protectory. From an order awarding the custody of relator to petitioner, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. T. Ryan, for appellant.
J. P. Nolan, for respondent.

VAN BRUNT, P. J. One Lizzie Sampson petitioned the court for a writ of habeas corpus alleging that one John Sampson, her son, was restrained of his liberty by the defendant, and that he had not been com-

¶ 1. See Habeas Corpus, vol. 25, Cent. Dig. § 70.

mitted or detained by virtue of any judgment, decree, final order, or process specified in section 2016 of the Code. The petition further alleges that the prisoner was detained under an agreement between the defendant and the petitioner, whereby the custody of the relator was to be assumed by the defendant for a stated period of time. As a return to the writ of habeas corpus, the defendant stated that it held the relator under a commitment by one of the city's magistrates dated October 4, 1895, a copy of which was annexed to the return. There was no traverse to this return. It must therefore be accepted as true.

As the writ of habeas corpus is simply a writ of right, the only question brought up is the fact of the commitment. This fact is not disputed, and consequently the relator should have been remanded. The allegation in the petition that the relator was held by virtue of an agreement between his mother and the defendant is negatived by the return, which states that he is held by virtue of a commitment. Our attention is called by the respondent to the Matter of Knowack, 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699. But it will be observed that that proceeding was initiated by a petition, and was addressed to the chancery powers of the court; and the regularity of the proceeding under which the person sought to be released was held was in no way challenged. It was there held that, where there has been an interference by the court to protect and care for the child at the public's expense, the chancery powers of the court as to the restraint of the child seem only to be limited by the necessities of the case, having due regard to the welfare of the infant. When a proceeding of this kind is initiated in respect to the relator, then the chancery powers of the court may be called into action, if necessary, for the welfare of the child. But in a habeas corpus proceeding no such considerations can enter into the determination.

The order should therefore be reversed, and the relator remanded to the custody of the defendant. All concur.