**904** PEOPLE EX REL. FARRINGTON *v.* CHILDREN'S AID SOCIETY.

Supreme Court, March, 1925. [Vol. 124

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FARRINGTON, Relator. *v.* CHILDREN'S AID SOCIETY OF ROCHESTER, Respondent.

Supreme Court, Monroe County, March 17, 1925.

**Parent and child — custody of children — habeas corpus proceeding to inquire into welfare of relator's children committed to institution by County Court of Monroe county — Supreme Court without power to effect relief in premises — relator should take proceedings in equity or apply to County Court which has power to modify its decree pursuant to Laws of 1910, chap. 611, § 15.**

In the absence of any question as to the jurisdiction and power of the County Court of Monroe county, which had committed relator's children to an institution, the Supreme Court is without power in a habeas corpus proceeding to inquire into the question of the children's welfare and the proceeding should be dismissed and the children remanded to the institution to which they were committed.

The relator should take proceedings in equity or apply to the County Court for the relief sought in this proceeding, since said court has power, pursuant to section 15 of chapter 611 of the Laws of 1910, to modify its decree which committed the children to the institution in question.

HABEAS CORPUS proceeding to inquire into detention of relator's children committed to institution.

*Florence Farrington,* for the relator.

*Arthur Rathjen,* for the respondent.

RODENBECK, J.:

In this proceeding the court cannot inquire into the question of the children's welfare, and there being no question as to the jurisdiction and power of the County Court of Monroe county which committed them to the defendant, they must be remanded. (*People ex rel. Sampson* v. *N. Y. C. Protectory*, 93 App. Div. 196.) There is ample power in said County Court to modify its decree (Laws of 1910, chap. 611, § 15) and the relator should apply to that court for the relief sought in this proceeding or take proceedings in equity. (*Matter of Knowack*, 158 N. Y. 482.) The relator seems to be able to provide a home for her children and while perhaps not so good as might be desired, or even so good as they now have, her rights should be respected, but she cannot get relief in this proceeding.

The cases of *People ex rel. Riesner* v. *N. Y. N. & C. Hospital* (230 N. Y. 119) and *Matter of Standish* (197 App. Div. 176) are not in conflict with these views.

Writ dismissed and children remanded.