THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDNEY THORN-WELL, Appellant, *v.* FRANK L. HEACOX, as Acting Warden of Auburn State Prison, Auburn, New York, Respondent.

Fourth Department, January 22, 1931.

*Kennard Underwood*, for the appellant.

*Hamilton Ward, Attorney-General [Richard T. Anderson, Deputy Attorney-General]*, for the respondent.

THOMPSON, J. Appellant is confined in prison under the second of three sentences imposed on him simultaneously under a single conviction. He was tried upon an indictment which charged him with the commission of four felonies, to wit, attempted robbery, first degree, attempted robbery, second degree, attempted grand larceny, first degree, and assault, second degree; all based upon a single act or group of acts comprising one transaction (Code Crim. Proc. § 279), to wit, an assault by relator on the proprietor of a gasoline station in the night time, in aid of, and in an attempt to take money and other property from him. The jury rendered a verdict of guilty as charged in the indictment, except as to the charge of attempted robbery in the second degree.

In pronouncing judgment the court imposed a specific and separate sentence for each of these crimes — for the attempt to commit robbery, the sentence was for a maximum of ten and a minimum of five years; for the attempt to commit grand larceny, for a maximum of five and a minimum of two and one-half years, and for the assault, a maximum of five and a minimum of two years and six months — all of the sentences to run consecutively. Relator has earned his parole under the first sentence, and is now serving his second. Based upon these facts, a writ of habeas corpus has been issued and the Special Term has dismissed it on the ground that it did not have the power to entertain it. In this we think the court was in error. Habeas corpus is available to inquire into the question of the jurisdiction of the tribunal and its power to pronounce the judgment by which the relator is imprisoned. (*People ex rel. Lawton* v. *Snell*, 216 N. Y. 527; *People ex rel. Sheldon* v. *Curtin*, 152 App. Div. 364, 370; *People ex rel. St. Clair* v. *Davis*, 143 id. 579, 582; *People ex rel. Young* v. *Stout*, 81 Hun, 336, 341.) " The writ of habeas corpus brings up for review the question whether there was colorable jurisdiction to grant the order of detention. As was said by VAN BRUNT, P. J., in *People ex rel. Sampson* v. *N. Y. C. Protectory* (93 App. Div. 196, 197): ' As the writ of habeas corpus is simply a writ of right, the only question brought up is the fact of the commitment.' " (*People ex rel. Strohsahl* v. *Strohsahl*, 221 App. Div. 86, 92.)

The court exceeded its powers in sentencing relator as it did.

It could only pass judgment on the count in the indictment which charged the highest grade of offense. (*People* v. *Edwards*, 173 App. Div. 375, 376.) "An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision." (Penal Law, § 1938.)

The constitutional prohibition of double jeopardy, not only in the letter, but in the full spirit, is embodied in, if not extended by, this section. (*People* v. *Snyder*, 241 N. Y. 81.)

In such circumstances relator, having been paroled under the only part of the sentence that the court had power to impose, and being now detained under a void sentence, is entitled to be released. The order dismissing the writ should be reversed, and the relator discharged subject to the terms of his parole.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed, writ of habeas corpus sustained and relator ordered discharged from custody, without prejudice to the sentence for attempted robbery in the first degree and his parole thereunder.