In the Matter of the Application of EDWARD G. LIPSCHITZ, Petitioner, for an Order to Review the Proceedings of CARROLL E. MEALEY, as Commissioner of Motor Vehicles, Respondent, Pursuant to Article 78 of the Civil Practice Act of the State of New York.

First Department, May 31, 1940.

*Murray L. Gilman*, for the petitioner.

*Vernon C. Riddick, Assistant Attorney-General*, of counsel [*James S. Regan, Assistant Attorney-General*, with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

GLENNON, J. The petitioner, Edward G. Lipschitz, near midnight on April 12, 1939, was driving his automobile on the easterly side of Nostrand avenue, Brooklyn, in a northerly direction. As he was crossing the intersection of Myrtle avenue, which runs east and west, a truck owned by Kreger Garage, Inc., and operated by its chauffeur, Theodore Grabusch, collided with him. It is asserted by the petitioner that the accident occurred solely through the fault of the truck driver who was intoxicated. As a result of the collision, the driver of the truck and a fellow worker were killed. Two pedestrians were injured, while the petitioner and a fellow passenger, one Irving Alexander, were rendered unconscious. The Commissioner of Motor Vehicles on April 29, 1939, issued an order temporarily suspending petitioner's driving license pending an investigation. In the order it was charged that petitioner was guilty of a violation of section 58 of the Vehicle and Traffic Law, to wit, reckless driving.

At the time of the accident the truck was proceeding in an easterly direction. There are trolley tracks on both avenues, in addition to which there is an elevated structure on Myrtle avenue. Petitioner's automobile, which, according to his own testimony and that of his companion, was proceeding at a rate of speed of about twenty miles per hour, had passed the center of the intersection when the rear end was struck by the truck. There were no traffic lights in operation at the corner at that time. Apparently, petitioner's view in a westerly direction was obstructed by the stairway which led to an elevated station at that point, a newsstand and the elevated pillars.

There was no claim advanced upon the hearing before the referee, upon which the foregoing facts were developed, that petitioner was intoxicated. At what rate of speed the truck was proceeding does not appear, nor is there any evidence to indicate that the driver of the truck was using either his headlights or his dimmers. It is safe to say, however, that the truck must have been operated at a high rate of speed since the result of the impact was that the petitioner's automobile was completely spun around and thrown at least seventy-five feet " tight against the building line on Nostrand Avenue." Furthermore, it is evident that the truck was being operated on the wrong side of Myrtle avenue.

It developed during the course of the hearing that a full and complete investigation was made of the accident by the district

attorney of Kings county with the result that no criminal charges were preferred against this petitioner.

Reckless driving is described in section 58 of the Vehicle and Traffic Law as follows:

" Reckless driving. Reckless driving shall mean driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor."

In *People* v. *Grogan* (260 N. Y. 138) Judge CRANE in construing this section said in part:

" It means disregard of the consequences which may ensue from the act and indifference to the rights of others.

" Reckless driving, therefore, standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences. * * * "

It will be seen, therefore, that reckless driving means something more than mere negligence. Here, the evidence shows, the petitioner, when he approached the intersection with his lights turned on, slowed down, looked to his right and left but was unable to see the truck until after he had crossed the center line of the crossing and it was almost upon him.

We do not deem it necessary to discuss the impropriety of taking the testimony of the two detectives in the absence of the petitioner without an opportunity on his part to cross-examine these witnesses. The reasons assigned by the referee indicate that he attached considerable weight to their testimony in reaching his conclusion. He said in part: " You will recall that at the end of the last hearing, which was held on November 16th, I decided to call in the detectives of the Vehicle Homicide Squad to get their testimony regarding measurements which they made at the scene of the accident, and also to question them as to statements which were made to them by the people involved during the course of their investigation. Both of the detectives assigned to this case, Detective Woods and Detective O'Connor, were here earlier this morning. They asked me if I would take their testimony at that time, because they had a notice to appear at another of our hearings in Brooklyn at 11 o'clock and they also had a subpœna to appear in another Brooklyn Court this morning. So I questioned them, and I am satisfied from what they themselves told me, and from other evidence in the case, that both of you drivers were reckless in the operation of your vehicles. * * * "

Under the circumstances the determination of the Commissioner of Motor Vehicles should be annulled, with fifty dollars costs and disbursements to the petitioner, and the petitioner's license directed to be restored.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Determination unanimously annulled, with fifty dollars costs and disbursements to the petitioner, and the petitioner's license directed to be restored.