THE PEOPLE OF THE STATE OF NEW YORK ex rel. SALVATORE ALIONE, Relator, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Defendant.

Supreme Court, Special Term, Washington County, July 3, 1946.

*Irving J. Tell* and *Salvatore Alione,* in person, for relator.

*Nathaniel L. Goldstein, Attorney-General (George A. Radz* of counsel), for defendant.

Imrie, J. On writ of habeas corpus, returnable at Supreme Court Chambers, Glen Falls, New York, on July 1, 1946, relator seeks his release upon the ground that his sentence was improper and excessive. It is conceded that, if the relator is correct in his position as to the amount of the sentence which he should have received, he has served actual prison time beyond the limit of such sentence and should be released.

On December 20, 1926, relator, with two others, was indicted on one count of burglary, third degree, and on another count of grand larceny, first degree. On February 25, 1927, he was convicted on both counts. On February 11, 1927, he was sentenced to Sing Sing State Prison under an indeterminate sentence for a maximum of twenty years and a minimum of ten years.

At the time of this sentence, section 407 of the Penal Law prescribed as punishment for burglary in the third degree a term not exceeding ten years, and, by section 1295, for grand larceny in the first degree, a term not exceeding ten years. Section 406 of the Penal Law provided that a person, who enters a building under such circumstances as to constitute burglary in any degree, and therein commits any crime, is punishable for both crimes and may be prosecuted for each, separately or in the same indictment. Subdivision 4 of section 2190 of the Penal Law provides that, " Where a person is convicted of two or more offenses constituting different crimes set forth in separate counts of one indictment or information * * *, the court may impose a separate sentence for each offense of which he is so convicted, and the court may order such sentences, or any of them, if imprisonment is imposed, to be served concurrently or consecutively."

In general practice, the last-quoted provision appears to be regarded as a directive rather than as a permissive alternative. It is obvious that the sentencing court intended to prescribe sentence for both crimes of which the relator had been convicted, as for separate offenses, and not for a single act or group of acts constituting one transaction. As was said, under almost identical circumstances, by Judge FRESCHI, in *People* v. *Brooks* (24 N. Y. S. 2d 576, 579) '' It is fair to assume that the court, having separate sentences in mind for both offenses, joined them and announced the result in the form of a single sentence to cover both cases, requiring the prisoner to serve the full term of imprisonment accordingly. Undoubtedly, it would have been a better form to have imposed separate sentences for each distinct offense and to have indicated by separate order that they were to be executed concurrently or consecutively.''

In *People* v. *Luciano* (277 N. Y. 348, 363) Chief Judge CRANE said, '' In form the sentence may be objectionable in that the statute (Penal Law, § 2190, subd. 4) contemplates a separate sentence for each distinct offense, but since it would be unreasonable to suppose that the punishment would have been less under such construction of the statute we hold that no substantial right of the defendants has been affected.''

The only question submitted is as to the correctness of the sentence as to form and content. Under the statute, and in the light of the above authorities, I hold that it was proper and within the discretion of the court. In my opinion, the case of *People ex rel. Thornwell* v. *Heacox* (231 App. Div. 617) is not applicable.

Submit order dismissing the writ and remanding the relator to the custody of defendant.