■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES CANNATA, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court at Special Term, Clinton County, which dismissed a writ of habeas corpus. Upon conviction of burglary, third degree, and grand larceny, first degree, relator was sentenced to terms of imprisonment to run consecutively. He contends that he was thus subjected to double punishment, in violation of section 1938 of the Penal Law. The consecutive sentences were properly imposed. (Penal Law, §§ 406; 2190, subd. 4; *People ex rel. Alione* v. *Morhous,* 186 Misc. 912, affd. 271 App. Div. 860.) Order affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of MICHAEL KAMENOS, Respondent, against JOHN MASCO, Respondent, and MAX LAPIDES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer, Max Lapides, and his insurance carrier from an award granting compensation to the claimant-respondent against them rather than against John Masco, an alleged independent contractor. The board found the claimant to be an employee of Max Lapides. This controversy arose when the claimant fell out of a cherry tree and suffered a fractured left wrist and a back strain while picking cherries at the Lapides farm. John Masco, by arrangement with Lapides, had brought 15 laborers, including the claimant, to the so-called "Wegman" farm, owned and operated by Max Lapides, for the purpose of picking cherries. Masco received 3½ cents per pound for the cherries picked by these men, and paid them 2½ cents per pound. He provided them their transportation to and from work. He testified that Lapides agreed to provide the compensation on the men. Lapides admits he agreed to pay the compensation premium, but that Masco was to procure the coverage and he, Lapides, would then pay the cost of the compensation coverage. Lapides had a compensation policy which covered other employees working on the farm at the same time. His foreman, a Mr. Gage, was present, provided ladders and pails, directed the work, and there was testimony that he had the right to discharge. It is admitted by Lapides that he never required any evidence of a policy from Masco, or ever paid him the premium supposedly incurred. It was also stated by Lapides that he called his insurance broker and advised him of the situation and told him to place insurance on these men, but was advised that inasmuch as he had let the job out on contract, he did not have to have insurance. The erroneous holding of the referee, that Lapides was the general contractor and that because Masco, a subcontractor, was uninsured, Lapides was obligated to pay the compensation pursuant to the provisions of section 56 of the Workmen's Compensation Law, was modified by the board and Lapides was held to be the employer. On the facts of this case the board has determined that an employer-employee status existed between the claimant and Lapides. (See *Matter of Romeo* v. *Holley Canning Co.,* 272 App. Div. 1092.) This presented a question of fact, and we feel that this finding was upon substantial evidence. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.