Hyman Baeshay, J.
The defendant, who seeks to correct an alleged “ illegal sentence ” was accorded a hearing at which the following was developed. He was indicted on February 1, 1946 for burglary, grand larceny, assault (two counts)- all in the first degree, and for violation of subdivision 1 of section 1897 of the Penal Law. On the same date, he was also indicted for burglary in the third degree and for grand larceny in the first degree. At the trial, both indictments were consolidated and the defendant was convicted of burglary in the first degree, grand larceny in the second degree, assault in the second degree and for a violation of subdivision 1 of section 1897 of the Penal Law on one indictment and he was convicted as charged on the other indictment. On October 15, 1946, he was sentenced by Judge Louis Goldstein on the first indictment to the Elmira Reception Center as follows: (1) for burglary in the first degree — to a term of not less than 15 years and not more than 30 years; (2) for grand larceny in the second degree — to a term of not less than 94/% years and not more than 5 years; (3) for assault in the second degree — to a term of not less than 2% years and not more than 5 years; (4) for violation of section *921 1897 of the Penal Law — sentence was suspended; a total of 20 to 40 years. On the second indictment, he was sentenced to a term of not less than 5 years and not more than 10 years on each count. The execution of that judgment was suspended. Defendant’s appeal from the judgment of conviction was dismissed on default.
The defendant urged the following grounds for relief sought:
(a) That the indictments were improperly consolidated and tried. That claim is untenable. Section 279 of the Code of Criminal Procedure gives the court the discretion to order the consolidation of the two separate indictments each of which charged him with crimes of the same or of a similar character. Moreover if, as the defendant claims, there was an abuse of discretion, his remedy was by motion prior to judgment.
(b) That the sentence imposed under the first indictment was illegal because the court did not state whether the sentences should be served concurrently or consecutively and,
(c) That he could be sentenced only for the highest crime charged in the indictment, in this case, burglary in the first degree. He maintained that the imposition of a sentence for each count violates section 1938 of the Penal Law which reads as follows: ‘ ‘ An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision ’ ’.
Neither of the aforesaid contentions have merit. In People ex rel. Maurer v. Jackson (2 N Y 2d 259) at page 264, the court said: “ It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal LaAv, punishment for each of them Avould be proper although they arose out of a single transaction ”.
The proven facts in this case bring it within the purview of section 406 of the Penal Law which specifically provides: “ A person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor, as well as for the burglary; and may be prosecuted for each crime, separately, or in the same indictment.” The defendant’s conviction for the crime of burglary in the first degree was not a bar to a conviction for the other separate crimes charged in the indictment. (People ex rel. Alione v. Morhous, 186 Misc. 912.) In People v. Brooks (24 N. Y. S. 2d 576) the defendant was convicted of burglary in the third degree and was sentenced to a term of not less than *922 7 years and 6 months and not more than 15 years in State prison. The defendant moved to vacate and set aside the judgment of conviction on the ground that it was illegal and void in that inasmuch as he was convicted of two separate crimes, the court should have imposed two separate and distinct sentences instead of “ one judgment of sentence.” The defendant argued that since there is but one sentence and one commitment, 44 the judgment imposed was for one conviction of crime; and that if such punishment is to be so construed, as punishment for the crime of Burglary in the third degree, it would be excessive in that the penalty could have been but ten years.” Although the sentence imposed was for a longer term than the punishment prescribed for either burglary in the third degree or grand larceny in the first degree, the court held: 4 4 This sentence excludes any serious misapprehensions by those who are charged with its execution. The elimination of every possible doubt cannot be demanded. The test is: 4 [What] is the reasonable and natural implication from the whole entry.’ United States v. Daugherty, 269 U. S. 360, 363, 46 S. Ct. 156, 157, 70 L. Ed. 309.” The court further stated 44 It is fair to assume that the edurt, having separate sentences in mind for both offenses, joined them and announced the result in the form of a single sentence to cover both cases, requiring the prisoner to serve the full term of imprisonment accordingly. Undoubtedly, it would have been a better form to have imposed separate sentences for each distinct offense and to have indicated by separate order that they were to be executed concurrently or consecutively
In the case at bar though the court did not expressly state that the sentences were to be served consecutively, the intent was clear, The extract from the minutes of sentence contains the following: 4 4 Whereupon, it is ordered and adjudged, by the court, that the said George Abrams for the felony of burglary 1st degree aforesaid whereof he is convicted be imprisoned under an indeterminate sentence, the maximum of snch imprisonment to be thirty (30) years and the minimum thereof fifteen (15) years, and for the felony of Grand Larceny 2nd Degree whereof he is convicted be imprisoned under an indeterminate sentence, the maximum of such imprisonment to be five (5) years, and the minimum thereof two (2) years and six (6) months, and for the felony of Assault 2nd degree, whereof he is convicted, be imprisoned under an indeterminate sentence, the maximum of such imprisonment to be five (5) years, and the minimum thereof two (2) years and six (6) months. It is further Ordered by the Court that the judgment of sentence of the misdemeanor of Violation of Section 1897, *923 subd. 1 of the Penal Law be and the same hereby is suspended. Total twenty (20) years to forty (40) years and be sent to the Reception Center of the Department of Correction at Elmira, N. Y., for classification and confinement pursuant to Article 3A of the Correction Law. ’ ’ If, as the defendant alleges, the foregoing sentence was in whole or in part illegal, he could have proceeded either by writ of habeas corpus or he could have appealed. The defendant’s appeal having been dismissed by default, the only remedy left to him is to sue out a writ of habeas corpus, to test the legality of his further commitment, when he will have served what he claims is the maximum time under the sentences imposed. This court no longer has the power to either reconsider, alter or amend the judgment of conviction.
The defendant further urged that the second count of the indictment does not constitute grand larceny in the first degree because the value of the article stolen was not $100 or more. That claim is refuted by the record. That count charged that the defendant took from the possession of Bernice Reid, in the night time, from a dwelling house, a watch of the value of more than $25, and under the provisions of subdivision 2 of section 1294 of the Penal Law, that theft constitutes grand larceny in the first degree. He was convicted of grand larceny in the second degree on that indictment.
The defendant likewise erroneously claimed that since the third and fourth counts of the indictment, charging assault in the first degree, arose out of the same act, the court could not impose sentence on both counts. This claim is not supported by the record. He was convicted of and sentenced for assault in the second degree only.
The defendant’s motion is, therefore, in all respects denied. Let the District Attorney submit an order to that effect and serve a copy of it on the defendant, together with notice of entry thereof, by mail, at. the institution where he is presently confined.
Submit order.