Martin" Schbuck, J.
This petition has been designated a motion “ for correction of sentence ”. In a memorandum opinion upon appeal from dismissal of a writ of habeas corpus by this defendant, the Appellate Division, Third Department, in affirming the order of the Clinton County Court, stated as follows : “ Habeas corpus is not this relator’s remedy at this time. If he feels the sentence is excessive he can apply to the sentencing court ”. (People ex rel. Battle v. Johnston, 12 A D 2d 564.) It is presumably upon this basis that the present proceeding has been brought. Whether this proceeding be regarded as an application to the sentencing court or whether it falls within the general and somewhat vague category of “ coram nobis ” is immaterial. In either event the issue of the legality of the sentences imposed upon this defendant is now at issue before this court.
The indictment by the Albany County Grand Jury accused the defendant of three crimes, each alleged in a separate count. In the first count, the defendant was accused of assault in the second degree, in violation of subdivision 3 of section 242 of the Penal Law, in that he inflicted grievous bodily harm upon one Marion Edna Williams by striking her numerous blows with his fists on Homestead Street in the City of Albany.
The second count accused the defendant of the crime of abduction in violation of subdivision 3 of section 70 of the Penal Law, in that he took the said Marion Edna Williams from the City of Albany to the Town of Colonie to compel her by force and duress to be defiled.
The third count accused the defendant of the crime of rape in the first degree in violation of section 2010 of the Penal Law, alleging that the crime was committed in the Town of Colonie through the exercise of fear and force.
The defendant was tried upon all three counts and was convicted of the three crimes alleged. He was sentenced on the first count, assault, to a term of from 5 to 10 years in Clinton Prison. On the second count, abduction, he was sentenced to a term of from 10 to 20 years. On the third count, rape, the sentence was 20 to 40 years. The court directed that the three sentences run consecutively not concurrently. The defendant now contends that the consecutive sentences were in violation of section 1938 of the Penal Law, which provides as follows • *‘ An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; *198 and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision ’
He contends that he is being punished by three sentences, whereas he should have been sentenced only under one provision of law, even though that might have been the one for which he could have received the longest sentence. In other words, he apparently does not contest the validity of the 20 to 40 years sentence for rape, but he contends, in effect, that the other two crimes arose out of the same transaction and therefore were not subject to separate punishment under section 1938.
The defendant cites People ex rel. Thornwell v. Heacox (231 App. Div. 617). That case is authority for the well-accepted principle of law that where all the counts of an indictment charging felonies are based on acts comprising one transaction, the court could only pass judgment and sentence on the count which charged the highest grade of offense. In that case the defendant was convicted of attempted robbery, first degree, attempted grand larceny, first degree, and assault, second degree, all of the crimes being based upon a single transaction to wit: an assault on the proprietor of a gas station in an attempt to take money from him. The court imposed consecutive sentences with respect to each count. The Appellate Division held that sentence was properly passed only upon the highest grade of the foregoing offenses, namely, attempted robbery in the first degree. As will be demonstrated herein, the circumstances surrounding the crimes committed by the defendant Battle are clearly distinguished from the facts of the Heacox case.
A later case, People v. Repola (280 App. Div. 735, affd. 305 N. Y. 740) is also cited as authority for the contention that there has bee:a violation of section 1938. There a defendant was convicted of selling a quantity of heroin. He was also convicted of felonious possession of the same heroin. The court held that the defendant was properly convicted of both sale and possession, but that he should have been sentenced only for the sale on the theory that the possession was part of the same transaction and was included in the higher crime.
The leading case cited by the People is People ex rel. Maurer v. Jackson (2 N Y 2d 259). There the defendant was convicted and sentenced to 15 to 30 years for attempted robbery in the first degree, in that while armed with a loaded pistol, he attempted to take property from a certain named person by force and violence. He was also convicted and sentenced to a term of 10 to 20 years for assault in the first degree in that he aimed and discharged the aforesaid loaded pistol at the same *199 person “with intent to kill ” him. The sentences, however, were imposed to run concurrently not consecutively. It is clear from this opinion that even where there is but a single so-called transaction involved, if that transaction includes the commission of two separate crimes, the defendant can properly be found guilty of each. It is true that there were involved here concurrent rather than consecutive sentences. It, furthermore, seems implicit in the Maurer opinion that consecutive sentences would not have been proper under the facts of that case. The Maurer case, however, does not appear to be conclusive authority that consecutive sentences are improper where the same defendant is involved in a series of acts constituting separate crimes even though they transpired Avithin a comparatively short period of time. The crimes in the Maurer case actually involved a single act by a single defendant at a single time. Even though two crimes were committed by that act the court indicated that defendant could not be punished for each by consecutive sentences. That the facts at hand are distinguished from those of the Maurer ease appears clear from the factual analysis (infra).
The facts of People v. Florio (301 N. Y. 46) are similar in many respects to those at hand. The defendants therein were convicted of kidnapping, rape in the first degree and assault in the second degree. The sentences imposed were only for the crime of kidnapping. The court there held (p. 54) that “ ‘ When a general verdict of guilty is rendered upon several counts in an indictment relating to the same transaction, the practice is to pass judgment on the count charging the highest grade of offense ’ It was not held, however, that the aforesaid “ practice ” would require sentencing on only one of several counts where each involved a separate crime committed at a separate time and place even though the same defendant and the same victim might be involved.
It is abundantly clear from the Maurer and Florio cases (supra) that the defendant Battle was properly convicted of the three crimes set forth in the indictment. The point here is' whether Battle’s crimes were so interrelated as to constitute one single transaction or whether on the night in question he committed more than one distinct and separate crime for the purpose of sentence. The situation is obviously distinguished from that involving the sale and possession of a quantity of narcotics at a fixed time and place. That the facts here are different from the Maurer case also seems manifest. Battle did three things on the night in question, each of which standing alone constitutes a violation of a section of the Penal Law. *200 In the City of Albany he assaulted Miss Williams. He then abducted her, forcing her into his automobile and driving her to the Town of Colonie. There he committed acts constituting rape in the first degree. It seems clear from the sequence of events that the crimes of abduction and rape were separate and distinct. They were independent. The crime of abduction could have been committed without the crime of rape being involved. The abduction was committed in the City of Albany. The rape was committed in the Town of Colonie after the defendant had performed sufficient criminal acts to have constituted completion of the crime of abduction. The assault presents a different problem. The assault of Miss Williams on Homestead Street in the City of Albany was actually the first step in the course of the defendant’s commission of the crime of abduction. Without the assault he presumably would not have been able to have committed the abduction. It would follow, therefore, that the crime of assault, while technically separate and distinguished from the abduction, should have been included as an integral part of the abduction for the purpose of sentencing under the authority of the Maurer case (supra).
It, thus, appears that the sentence of the defendant for assault should have been made to run concurrently with the sentence for abduction. For the reasons heretofore stated, however, the sentences for abduction and rape were based upon entirely separate crimes and were properly the subject of consecutive sentences. The defendant is, accordingly, entitled to have the sentence for assault run concurrently with the sentence for abduction. The sentences for abduction and rape are properly consecutive. As a practical solution, the defendant should be regarded as having been sentenced to consecutive terms for abduction and rape. The computation of his total prison time should be on this basis with the five years for assault deemed to have run concurrently with the sentence for abduction. An order to this effect may be entered by way of correcting the original sentence.