In the Matter of GARETH MARTINIS, Petitioner, *v.* SUPREME COURT OF THE STATE OF NEW YORK, CRIMINAL TERM, COUNTY OF BRONX, et al., Respondents.

First Department, December 17, 1963.

*Maurice Edelbaum* of counsel (*Philip R. Edelbaum* with him on the brief), for petitioner.

*Bertram R. Gelfand* of counsel (*Isidore Dollinger, District Attorney,* in person), for Isidore Dollinger and others, respondents.

*Stephen N. Rubin* of counsel (*Louis J. Lefkowitz, Attorney-General*), for Justices of the Supreme Court, Criminal Term, Bronx County, respondents.

STEVENS, J. Petitioner seeks an order, pursuant to article 78 of the Civil Practice Law and Rules, prohibiting respondents from trying petitioner on Indictment No. 1005–1963. Petitioner urges to permit such a trial would constitute double jeopardy

in violation of his constitutional rights, both Federal and State. To determine the validity of his contention it is necessary to review the facts and analyze the charges.

The undisputed facts are that on May 19, 1963, petitioner was operating a motor vehicle along a public highway in the County of Bronx. Petitioner's vehicle was involved in a collision with another vehicle which vehicle was then involved in a collision with a third motor vehicle. As a result of the occurrences five persons, occupants of the second car, lost their lives, and the sole occupant of the third vehicle, one Eugene Kramon, sustained severe personal injuries.

Petitioner was arrested May.19, 1963. Subsequently an information was lodged against him. The information contained four counts and charged petitioner (1) with driving while intoxicated; (2) a violation of section 1190 of the Vehicle and Traffic Law (reckless driving), in that petitioner operated his vehicle in a manner which unreasonably interfered with the free and proper use of a highway and unreasonably endangered users of a public highway; (3) a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving scene of accident involving property damage); and (4) a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, by leaving the scene of an accident in which personal injuries were suffered. Both (3) and (4) charged a leaving without exhibiting license or reporting accident to police as soon as possible. Subdivision 5-a of section 70 is now contained in section 600 of the Vehicle and Traffic Law. The acts charged are misdemeanors.

Petitioner was tried on the information in Bronx Criminal Court, and on July 21, 1963, he was acquitted on all counts.

On August 2, 1963, petitioner was indicted by the Grand Jury in a six-count indictment (Indictment No. 1005-1963). He was charged in five counts with the crime of criminal negligence in the operation of a motor vehicle resulting in the death of a human being (Penal Law, § 1053-a). Each count referred to a different named individual. The sixth count charged assault in the third degree upon one Eugene Kramon by operating a vehicle in a culpably negligent manner (Penal Law, § 244). Petitioner now asserts to require him to stand trial on the indictment would constitute double jeopardy.

Section 1190 of the Vehicle and Traffic Law provides: "Reckless driving shall mean driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which *unreasonably* interferes with the free and proper use of the public highway, or *unreasonably* endangers

users of the public highway. Reckless driving is prohibited. Every person violating this section shall be guilty of a misdemeanor." (Italics added.)

"'[U]nreasonableness' is a necessary constituent of the crime" of reckless driving (*People* v. *Armlin,* 6 N Y 2d 231, 232). Proof of the crime of reckless driving requires evidence of something more than mere negligence (*Matter of Lipschitz* v. *Mealey,* 259 App. Div. 640). "Reckless driving, therefore, standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences" (*People* v. *Grogan,* 260 N. Y. 138, 144). And where the charge embraces unreasonable interference with free and proper use and unreasonably endangering users of the highway, there must be strong proof and beyond a reasonable doubt of a failure to exercise care or caution called for by the existing circumstances. As these terms are used they must be construed to mean "interferes with or endangers the user of the highway through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person." (*People* v. *Grogan, supra,* p. 149.) More must be shown than an error of judgment or even that a collision occurred.

The charges of driving while intoxicated or leaving the scene of an accident without properly identifying himself, or failing thereafter to report the accident at the earliest time that petitioner was physically able to do so, need not be elaborated upon for they are almost self-explanatory. One refers to the condition of the driver at the time of the occurrence, the other how he comported himself subsequent to the occurrence.

The charge of a violation of section 1190 of the Vehicle and Traffic Law, and the constituent elements necessary to sustain such charge have been discussed at some length because it is charged in the various counts of the indictment that petitioner operated and drove his automobile " in a reckless and culpably negligent manner." Before turning attention to the sections of the Penal Law which petitioner is charged with violating, it must first be recalled and noted that after a trial in Bronx Criminal Court, petitioner was found not guilty on all counts of the information.

Five counts of the indictment charge petitioner with a violation of section 1053-a of the Penal Law. That section, entitled " Criminal negligence in operation of vehicle resulting in death ", reads as follows: " A person who operates or drives any vehicle of any kind in a *reckless or culpably negligent manner,* whereby a human being is killed, is guilty of criminal

negligence in the operation of a vehicle resulting in death." (Italics added.)

" The word ' reckless ' and the phrase ' culpably negligent manner ', as employed in the penal statute quoted above connote something more than the slight negligence necessary to support a civil action for damages. Both word and phrase import a disregard by the accused of the consequences of his act — an indifference to the rights of others." " ' A distance separates the negligence which renders one criminally liable from that which establishes civil liability.' " (*People* v. *Bearden,* 290 N. Y. 478, 482, 483; *People* v. *Decina,* 2 N Y 2d 133; 139.) There must be an awareness of a condition which may produce the consequences " or knowledge of such facts as under the circumstances would disclose to a reasonable man the dangerous character of his action, and despite this knowledge he so acts."

" The phrase ' operates or drives ' not only applies to the condition of the driver, but to the condition of the vehicle and to traffic conditions as well ". (*People* v. *Eckert,* 2 N Y 2d 126, 130, 131.) Under the indictment there would have to be shown a direct relation between the vehicle causing the death and the reckless or culpably negligent manner of its operation. " The courts have uniformly held that ' reckless ' and ' culpable ' are synonomous; that the words import a ' disregard of consequences ' and ' indifference to the rights of others ' " (cases cited). (*People* v. *Bowles,* 280 App. Div. 476, 480.)

The standard of proof required to prove a violation of section 1190 of the Vehicle and Traffic Law, and the standard required to prove a violation of that portion of section 1053-a of the Penal Law, dealing with operating in a reckless or culpably negligent manner, are the same. Culpable means blamable, and involves a breach of a legal duty or the commission of a fault (Black's Law Dictionary, 4th ed.). When used in conjunction with the term " negligence " it implies a wanton disregard of the rights of others by a failure to exercise that degree of care called for by the circumstances. If a defendant be acquitted of a charge of reckless driving under section 1190 of the Vehicle and Traffic Law, he cannot be convicted of driving in a reckless or culpably negligent manner under section 1053-a of the Penal Law, where both charges arise out of the same single occurrence.

It is provided by subdivision (d) of section 1800 of the Vehicle and Traffic Law: " [a] *conviction* of violation of any provision of this chapter [L. 1959, ch. 775] shall not be a bar to a prosecution for an assault or for a homicide committed by any person in operating a motor vehicle or motorcycle " (italics added). The statute specifically refers to a conviction and provides there

shall be no merger of such conviction so as to bar a later prosecution when an assault is committed or death ensues. It does not, however, refer to an acquittal such as we have in the case before us.

No statute of course could validly override the constitutional provision that " [n]o person shall be subject to be twice put in jeopardy for the same offense " (N. Y. Const., art. I, § 6). Nor could the statute violate the prohibition of the Federal Constitution " nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb " (U. S. Const., 5th Amdt.). Indeed, section 1938 of the Penal Law expressly provides: " An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision." That section embodies " [n]ot only the letter but the full spirit of the constitutional prohibition " (*People* v. *Snyder*, 241 N. Y. 81, 83; *People ex rel. Thornwell* v. *Heacox*, 231 App. Div. 617).

While consequences cannot alter statutes they may help fix their meaning and it will not be presumed that the Legislature intended to sanction double jeopardy. The statute is to be given a reasonable construction and harmonized wherever possible with the Constitution and other laws (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 141 *et seq.*).

It must be recognized that separate acts, and even the same acts, may constitute separate crimes where the essential elements of and the proof necessary for the crime are different (cf. *People* v. *Snyder, supra*). And this is true though at first blush the lesser seemingly may be absorbed by the greater crime. The difficulty in the case before us arises because in order to sustain the charges petitioner must be shown to have been operating his motor vehicle in a "reckless or culpably negligent manner", with a reckless disregard for the consequences (*People* v. *Jackson*, 255 App. Div. 688; *People* v. *Gardner*, 255 App. Div. 683). There must be a particular negligent manner of operation which upon trial would be susceptible to proof beyond a reasonable doubt that his conduct evinced a reckless disregard of the consequences. Reckless driving under section 1190 of the Vehicle and Traffic Law, refers also to the manner of operation of the motor vehicle which must unreasonably interfere with use, or unreasonably endanger users, of the highway.

If, as a result of a judicial trial, one has been found not guilty of reckless driving of a motor vehicle on a single occasion, and

the manner of operation must be shown to have been exactly opposite on the same occasion in order to convict on a charge subsequently preferred, that individual is being twice exposed to an evaluation of his conduct and twice exposed to the risk of a judgment being imposed against him based on the same facts. Where the element of risk in each instance involves a crime, it becomes necessary to determine if the manner of operation is an element essential to the proof of each.

When the petitioner was charged with the crime of reckless driving and put upon his defense jeopardy attached for he was then in danger of conviction and punishment. The tribunal was of competent jurisdiction, the charge properly laid by an information, and evidence offered to sustain such charges. Petitioner was acquitted after trial.

" To sustain a plea [or claim] of former jeopardy it must appear: (1) That there was a former prosecution in the same state for the same offense; (2) that some person was in jeopardy on the first prosecution; (3) that the parties are identical in the two prosecutions; and (4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar." (2 Wharton's Criminal Evidence [11th ed.], § 859.) Of the four elements cited (2) and (3) require no discussion. As to identity of offenses " the plea will be held vicious unless the first indictment was such that the prisoner might have been convicted upon it by proofs of the fact contained in the second indictment " (*People* v. *Saunders,* 4 Parker's Cr. Rep. 196, 198). " The test to determine the identity of the second offense is whether or not the evidence necessary to convict in the second case was admissible under the first charge, that it related to the same charge, and that it warranted a conviction on the first charge " (2 Wharton's Criminal Evidence, § 860). The test considers the evidence and not the theory of the pleader (*People* v. *Silverman,* 281 N. Y. 457).

Applying that test, both reckless driving and criminal negligence in the operation of a motor vehicle require as an essential element that the driver be operating the vehicle in a manner evincing a reckless disregard for the consequences or a reckless disregard for the safety of others using the public highways. Where death, damage or injury results under such circumstances the operator is culpable or blameworthy. But even though an accident occur and death result, if the driver be not operating in the manner prohibited by statute no crime is committed (cf. *People* v. *Bearden,* 290 N. Y. 478). All of the evidence necessary to convict in the second offense was admissible under the first charge and, if accepted as true by the tribunal, would

have warranted a conviction. Such evidence was not accepted. This was within the province of the triers of the facts. Many, if not all, of the witnesses who testified on the first trial will be called to testify on the second. Though the proof offered will undoubtedly be more extensive, essentially it must deal with the condition of petitioner and the method and manner in which he operated the vehicle. Proof of improper and illegal operation is basic to the earlier and the later charges.

The People, in effect, contend that because of the result of the conduct, its nature and quality in contemplation of law is changed and, consequently, no barrier exists to prevent trial on the indictment. There are instances when such a position is sound. The difficulty in accepting that argument here is that explicit in the statute is the necessity for a preliminary determination of reckless or culpably negligent conduct in driving before a conviction for criminal negligence in the operation of a motor vehicle resulting in death may be sustained (Penal Law, § 1053-a; see, also, Vehicle and Traffic Law, § 1190). In other words, the driver of the vehicle must have so operated it as to unreasonably interfere with and endanger others, and in consequence thereof death or injury resulted. Acquittal on such an essential aspect as operation may well bar a later prosecution based on the identical conduct (*People* v. *Chessman*, 13 N Y 2d 793). It must be remembered that a court of competent jurisdiction, by its acquittal, has found petitioner was not guilty of driving recklessly, that he was not in an intoxicated condition while driving, and that he did not fail to comply with the requirements now contained in section 600 of the Vehicle and Traffic Law. When such facts are determined by a court of competent jurisdiction they are to be accepted as true in any other court when the parties are the same in both proceedings.

We do not hold that the same transaction involving separate and distinct acts may not constitute separate and distinct crimes. The contrary is true. (*People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259; *People ex rel. Cannata* v. *Jackson*, 6 A D 2d 919; *People ex rel. Nickerson* v. *La Vallee*, 17 A D 2d 874; *People* v. *McCall*, 16 A D 2d 313, 317–318.) But where in one trial an essential element common to the commission of both crimes has been found as a fact by a proper tribunal not to exist, to then place the same individual upon trial for another crime, though differently titled, is to subject him to the risk of conflicting determinations arising out of the same acts or omissions. He is then again placed in jeopardy or danger, the occasion for the first jeopardy being the first trial. This the Constitution and the law prohibit. The crimes charged are so interrelated that an

acquittal on the lesser bars a prosecution for the other. For the manner of operation either offended both statutes or it offended neither (cf. *People* v. *Repola*, 280 App. Div. 735, affd. 305 N. Y. 740; *People ex rel. Maurer* v. *Jackson, supra*). Conversely, a conviction under section 1190 of the Vehicle and Traffic Law, would not bar a prosecution or conviction under section 1053-a of the Penal Law. This accords with the provisions of subdivision (d) of section 1800 of the Vehicle and Traffic Law, and indicates how the statute may be harmonized with the Constitution and existing law. Reckless driving is in fact an included crime in section 1053-a of the Penal Law, with the added requirement that injury or death result from such operation.

While the courts have been, and are, understandably reluctant to enjoin criminal prosecutions, we have held that an article 78 proceeding affords a remedy when the matter so warrants (*Matter of Mack* v. *Court of Gen. Sessions*, 14 A D 2d 98; *Matter of Nolan* v. *Court of Gen. Sessions*, 15 A D 2d 78, affd. 11 N Y 2d 114). "Prohibition is the traditional remedy" where double jeopardy is claimed to exist (*Matter of Kraemer* v. *County Court of Suffolk County*, 6 N Y 2d 363).

We conclude that to permit trial on Indictment No. 1005-1963 would necessarily be a retrial of the charge of reckless driving, which must be found to exist as a condition precedent to liability under section 1053-a of the Penal Law, and thus would constitute double jeopardy for this petitioner. The petition is granted and the writ should be issued.

RABIN, J. P., MCNALLY, STEUER and WITMER, JJ., concur.

Petition granted and the writ directed to be issued. Settle order on notice.