■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH QUARANTA, Also Known as JOSEPH QUARANTO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 25, 1964 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence upon him as a second felony offender. Judgment affirmed (*People* v. *Gunner*, 15 N Y 2d 226, 233; *People* v. *Dusablon*, 16 N Y 2d 9, 19). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES VAN VOORHEES, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Dutchess County, entered December 15, 1964, which denied without a hearing his application to vacate a judgment of said court rendered November 7, 1963 on his plea of guilty, convicting him of two counts of assault in the second degree and sentencing him to a term of from two to five years on each count, the sentences to be served consecutively. Order reversed on the law and the facts and proceeding remitted to the County Court, Dutchess County, for the purpose of (a) holding a hearing as to any issue properly raised by the defendant; and (b) making a determination *de novo* on the basis of the proof adduced at the hearing. In our opinion, the defendant has sufficiently raised an issue of fact which should be resolved by a hearing at which all the available witnesses will testify and will be subject to cross-examination (*People* v. *Picciotti*, 4 N Y 2d 340, 345). Defendant alleged that he was induced to plead guilty by a promise that the sentences for the two counts of assault in the second degree would be imposed concurrently. Defendant's contention that the imposition of consecutive sentences in this case constituted double punishment in violation of section 1938 of the Penal Law is not properly raised by way of a writ of error *coram nobis* (*People* v. *Sullivan*, 3 N Y 2d 196, 198; *People* v. *Stokrocki*, 20 A D 2d 551). Defendant may properly raise this point in a habeas corpus proceeding (*People ex rel. Thornwell* v. *Heacox*, 231 App. Div. 617). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.