■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JIMMIE ROBERTS, Appellant, v. JAMES A. THOMAS, as Warden of the Penitentiary of the City of New York, Rikers Island, Respondent.— Order entered April 30, 1968 which dismissed appellant's writ of habeas corpus, reversed, on the law, the writ sustained, and defendant is discharged. In the circumstances of this case, consecutive sentences were impermissible. *People ex rel. Maurer* v. *Jackson*, (2 N Y 2d 259, 264) is in point. The Court of Appeals in that case stated: "It is also not open to dispute that if there were merely a *single inseparable act* violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be *single punishment*". In the instant case there was an act which violated one statute and was a material element of the violation of another, hence consecutive sentences were improper. (See, also, *People* v. *Hutchinson*, 276 App. Div. 1040.) In view of the concession in the brief of respondent that the facts set forth in the opinion of the court below are accurate and relied on, there is no necessity for any further record. Since relator has completed service of the first one-year sentence, he is now being

detained under a sentence the court had no power to impose and is entitled to release. (See *People ex rel. Thornwell* v. *Heacox*, 231 App. Div. 617.) Concur — Steuer, Rabin and McNally, JJ.; Botein, P. J., dissents and votes to affirm and Tilzer, J., dissents and votes to affirm in the following memorandum: Tilzer, J. (dissenting). I dissent and vote to affirm. As we have had occasion to say, section 1938 Penal Law does not permit of easy application. On the meager record before us, the trial record at which the defendant was found guilty, the information and even the minutes of the habeas corpus proceeding not being made part of the papers on appeal, we are unable to make an analysis to determine the validity of the consecutive sentencing under section 1938 (*People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259, 265; *People* v. *Baker*, 27 A D 2d 269, affd. 19 N Y 2d 982).