■ In the Matter of David A. Glines, Petitioner, v Albert W. Schneider, as Herkimer County Judge, et al., Respondents.—Application for writ of prohibition unanimously denied and petition dismissed, without costs. Memorandum: Petitioner seeks a writ of prohibition to bar the District Attorney from moving and the County Judge from entertaining a motion for reargument of a motion made by petitioner and granted by the court for the trial severance of two of the counts of a seven-count indictment. The first five counts of the indictment are for manslaughter, second degree, criminally negligent homicide, assault first, assault second and reckless driving. Counts Nos. 6 and 7 are for theft of an automobile used in the commission of the crimes charged in the first five counts and for unlawful possession of the vehicle. In granting the severance the court directed that the first five counts be tried first and that on such trial no mention be made of the fact that the vehicle was stolen. During the trial, on cross-examination a prosecution witness stated that prior to the accident he was pursuing "the stolen car". On defendant's (petitioner's) motion, the court promptly granted a mistrial. The court thereafter asked the District Attorney and defendant's counsel to stipulate to reargue the severance motion, but defendant declined to do so. The court then invited the District Attorney to move for such reargument, and he did. Before the return date of the motion, defendant instituted this article 78 proceeding in our court, seeking to prohibit the District Attorney and the County Judge (1) from retrying him under Counts Nos. 1 through 5 of the indictment on the ground of double jeopardy and (2) from rearguing and reconsidering the motion for severance, both on the ground that respondents would be acting in excess of their power and jurisdiction. The contention of double jeopardy is completely without merit (Matter of Napoli v Supreme Ct. of State of N. Y., 40 AD2d 159, affd on opn of Steuer, J., 33 NY2d 980). Whether the County Judge should be prohibited from entertaining a motion in a criminal case to reargue a motion previously granted and order entered thereon is a more doubtful matter. An appellate court must use great restraint in its exercise of the writ of prohibition against a trial court in the performance of its functions (Matter of State of New York v King, 36 NY2d 59, 62; 23 Carmody-Wait 2d, NY Practice, § 145:232). Where the trial court is clearly proceeding in violation of a defendant's constitutional rights, the appellate court will grant the writ of prohibition (see Matter of Martinis v Supreme Ct. of State of N. Y., 20 AD2d 79, revd 15 NY2d 240). However, where the trial court has not yet acted or committed itself to act in violation of defendant's clear legal rights and where, if it does so act, the action may be corrected by appellate review, the writ of prohibition will generally be denied (see La Rocca v Lane, 37 NY2d 575). An important reason for such appellate judicial restraint is the delay and disruption in proceedings which would result at the trial level if ready use of the writ of prohibition were available for every threatened wrong decision or abuse of authority. If the trial court entertains the motion for reargument in this case and trial of the case is eventually completed, petitioner, if aggrieved, will have ample opportunity to have the rulings reviewed on appeal. Under the circumstances of this case, a writ of prohibition should not be issued. The applica-

tion is therefore denied and the petition dismissed. (Article 78 proceeding for judgment prohibiting retrial, etc.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.